UNITED STATES of America,
Plaintiff,

v.

Brad K. BENEKE, Defendant.

No. 1–70–Crim–92.

United States District Court,
D. Minnesota,
First Division.

Oct. 12, 1970.

---

Robert G. Renner, U. S. Atty., for plaintiff.

Brad K. Beneke, pro se.

### ORDER
### DENYING MOTION UNDER
### 28 U.S.C.A. § 144

DEVITT, Chief Judge.

Brad K. Beneke, charged in an indictment with two others, of attempting, by force and violence, to interfere with the administration of the Military Selective Service Law in violation of 50 App. U.S.C. § 462(a), has filed an affidavit under 28 U.S.C. § 144 claiming "a personal bias or prejudice" against him by the undersigned judge to the end that this court recuse itself from proceeding further with his case.

The defendant's affidavit recites his contempt of court conviction by the undersigned judge on April 13, 1970. It was based on his courtroom misbehaviour while a spectator at a criminal trial. United States v. John Doe, 3–70–Crim–62. The defendant's affidavit states:

"I believe that the court action has resulted in substantial personal bias and prejudice between Judge Devitt and myself,"

and

"I feel that this bias and prejudice will dominate his decisions in this case and prevent me and my co-defendants from obtaining a just and fair trial."

The affidavit is set out in full and appended as Exhibit A.

In passing on the motion for disqualification, the court must accept the facts stated in the affidavit as true and from them make a legal conclusion as to their sufficiency under the law. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

The disqualification statute, 28 U.S.C. § 144, by its terms, requires that the bias to disqualify must be *personal* as distinguished from judicial. In 1966 the United States Supreme Court held that the bias must stem from an extra-judicial source and result in an opinion on the merits on some basis *other* than what the judge learned in his judicial capacity. United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). The needed personal bias must be of extra-judicial origin, an attitude derived from without the four corners of the courtroom. Federal Practice and Procedure 902, and cases cited there.

Here the defendant's request for recusation is based solely on the court's previous exposure to the defendant in a *judicial* capacity. It would be anomalous if the statute were interpreted so as to automatically disqualify a judicial officer from presiding in separate and unrelated matters involving the same defendant. "The statute * * * never contemplated crippling our courts by disqualifying a judge solely on the basis of a bias (or state of mind * * *) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him." Craven v. United States, 22 F.2d 605 (1st Cir. 1927).

The Ninth Circuit Court of Appeals has stated that:

"The section (144) is directed to personal bias, which means an attitude of extra judicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section." Lyons v. United States, 325 F.2d 370, 376.

Our own Eighth Circuit Court of Appeals, in a 1967 case, observed pertinently in this connection:

"Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings, or has found it necessary to cite a party for contempt, does not automatically or inferentially raise the issue of bias." Barry v. Sigler, 373 F.2d 835, 836 (1967).

The United States District Court for the Southern District of New York similarly denied a disqualification request under 28 U.S.C. § 144 where the judge had previously held the defendant in contempt. Mirra v. United States, 255 F Supp. 570 (1966).

An examination of the decided cases uniformly reflects the same interpretation of the statute. Federal Practice and Procedure, Barron & Holtzoff (Wright Ed.) § 902 and cases cited there; 28 U.S.C. § 144 and cases cited there and in the pocket part.

It is thus clear that the affidavit of defendant is not legally sufficient because it does not reflect the statutorily required *personal* bias. In such case I may not disqualify myself, even if so inclined, for the law is that I have the same obligation not to disqualify myself where the showing is not legally sufficient as I do to disqualify myself where the showing is legally sufficient. Rosen v. Sugarman, 357 F.2d 794, 797 (2nd Cir. 1966).

The motion is denied.

### EXHIBIT A

United States District Court
District of Minnesota
First Division

| | |
|---|---|
| United States of America | 1–70 CR 92 |
| vs. | AFFIDAVIT |
| Brad K. Beneke | |

State of Minnesota
County of Ramsey } SS

Brad K. Beneke, being first duly sworn, deposes and states as follows:

1) This defendant presents this affidavit pursuant to Title 28 U.S.C., Section 144, in order to require that the judge before whom this matter is pending proceed no further, but shall assign this matter to another judge. The reason for this being that the judge to whom this matter has been assigned has a personal bias or prejudice against this defendant.

2) This defendant presents to the court that the bias or prejudice on the part of the judge arises by reason of the following points:

On the thirteenth day of April 1970 this defendant was a spectator observing the trial of one Brian Wells charged with attempting to interfere with the Military Selective Service Act of 1967 by burning records in a Selective Service office in St. Peter, Minnesota. The offense charged in that case is identical to the offense charged against the defendant who is submitting this affidavit.

At the time of the morning recess, it was claimed by a United States Marshall that this defendant did not rise as the judge left the courtroom. When the court was again called into session, Judge Devitt, the presiding judge in that case, asked who the young man was that had refused to stand at the recess. A United States Marshall identified this defendant as that person. I was seated in the front row of the court next to a friend who was on the aisle. The court told the marshall to remove me from the courtroom. Two United States Marshalls grabbed me and started to physically remove me from the courtroom. I asked the judge why I was being removed from the courtroom. The judge did not respond. I asked a second time why I was being removed, and insisted that I had a right to know why I was being treated in this manner. The judge did not respond. I then asked the judge if I was being treated in this way just because I refused to recognize him in any different manner than I would any other human being. The judge still refused to respond. I then stated that, because of the judge's behavior towards me in the courtroom, I could only surmise in my

judgment that the presiding judge was indeed a pompous ass. At that point Judge Devitt ordered the marshall to bring me forward. He said that I was in contempt of court and sentenced me to ten days in jail and fined me two hundred dollars.

At no time during this incident did the court speak to me as a person or permit me to speak to him. I was given no opportunity to respond to the court's allegation that I did not stand when he adjourned the court. I was given no opportunity to respond to the court order expelling me from the courtroom. Although it was the acts of the court, and not my acts, which were disrupting the trial, I was given no opportunity to respond to the finding of contempt. I was not even permitted to be heard as to the sentence, which I understand to be improper. It was the court who was out of control, not I.

I believe that the court action has resulted in substantial personal bias and prejudice between Judge Devitt and myself. While it is true that it was I who spoke of the judge in impolite terms, the result of that personal encounter between myself and the judge is the matter at hand. The result of that encounter, assuming that I am completely to blame, is that the judge has prejudged my person, that is, he is biased and prejudiced against me. I feel that this bias and prejudice will dominate his decision in this case and prevent me and my co-defendants from obtaining a just and fair trial.

On Monday the fifth day of October 1970 I appeared for arraignment before Judge Devitt along with the counsel for the other defendants. I asked for the right to represent myself. Although the judge appeared solicitous to myself and counsel for the co-defendants, he refused to grant a reasonable amount of time to prepare necessary motions. This was particularly antagonizing in that the United States Attorney did not oppose the requested sixty day period of time in which to make motions. Furthermore, the record shows that the court was advised that Judge Neville, judge of the District Court sitting in Minneapolis on the second day of October 1970 at the arraignment of two other persons whose cases I believe should be consolidated with mine, did grant the requested sixty days. The record in the case involving this defendant is remarkably different from the record before Judge Neville in the case of the United States vs. Frances Xavier Kroncke and the United States vs. Michael Duane Therriault.

I believe that Judge Devitts order reflects his personal bias and prejudice against me arising from the facts I have stated. I understand that every judge might reach a different conclusion and order on any matter, but the disparity here is too great. I am not trying to disqualify the court because of his order of the fifth of October 1970. On the contrary, I am bringing this affidavit at the first opportunity after being brought before the court. I am stating very directly that the court has a personal bias against me. This is based on an incident wherein he claimed that I did not stand. I did refer to the court in uncomplimentary terms. The court responded by using his power against me. I remember the incident. I am sure that court remembers the incident. The court unquestionably responds like any other person. He returns bias with bias—prejudice with prejudice. I mention the order of the fifth of October 1970 only because I believe it further proves the personal bias of the court.