UNITED STATES of America, Plaintiff-Appellee,

v.

Brad K. BENEKE et al., Defendants-Appellants.

No. 71–1027.

United States Court of Appeals, Eighth Circuit.

Oct. 22, 1971.

Kenneth E. Tilsen, St. Paul, Minn., for appellants.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, ME-HAFFY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the convictions of Brad K. Beneke, Donald Henry Olson, and Peter Allen Simmons for violation of 50 U.S.C.A. App. § 462(a)[1] under indictments charging that they "did wilfully and knowingly attempt to hinder and interfere by force, violence, and otherwise, with the administration of the Military Selective Service Act of 1967 * * * by entering the Selective Service Headquarters for the County of Winona, * * * Winona, Minnesota, to remove and destroy official records contained therein and thus disrupt the official activities at said location." We affirm the judgments of conviction.

The facts in this case are very similar to the facts in United States v. Turchick, 451 F.2d 333 (8th Cir. 1971); and the issues raised on appeal are almost identical with those raised in that case. The defendants in this case were apprehended in the draft board office in Winona, Minnesota on the same night but a short time before the defendants in the Turchick case were apprehended in the draft board office in Alexandria, Minnesota.

Briefly, the evidence in this case shows that the FBI, acting on the tip of an informant, positioned some of its agents in a room adjacent to the Selective Service Office in Winona late on July 10, 1970. At about midnight, Beneke, Olson, and Simmons entered the Selective Service Office by cutting the glass on the door to the office. The FBI agents waited about eight minutes and then entered the Selective Service Office and arrested the three defendants. At the time of their arrest, some papers, which had been on the clerk's desk, were on the floor. A lock on one file cabinet was "punched in"; and the defendants had in their possession pliers, hammers, a pry bar, screw drivers, glass cutter, flashlight, small butane micro torch, extra butane cylinders, a butane sparker, a can of black paint, and two small mesh laundry bags.

In view of the fact that the major issues raised by the defendants in the Turchick case, supra, were almost identical with the major issues raised on appeal here, we will not comment further on these issues, except to adopt the Turchick opinion as controlling the same issues in this case. This panel of the Court will limit its comments in this opinion to issues raised here which were not discussed in Turchick.

## I. ALLEGED DISQUALIFICATION

■■ Appellants claim that the trial judge should have removed himself from the case upon the filing of an affidavit of Beneke alleging bias or prejudice on the part of the trial judge by reason of the trial judge's prior sentencing of Beneke for contempt during an earlier Selective Service criminal trial at which Beneke was a spectator. The trial judge's order denying Beneke's motion under 28 U.S.C. § 144 is reported at 317 F.Supp. 1326.

This contention is without merit since the bias or prejudice alleged did not stem from an extrajudicial source, but rather from what the judge learned in his judicial capacity. 28 U.S.C. § 144 requires that the bias necessary to disqualify must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his partici-

---

1. 50 U.S.C.A.App. § 462(a) provides in pertinent part:
   "[A]ny person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of this title [said sections] or the rules or regulations made pursuant thereto, or who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment, * * *."

pation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (7-2). *See also* Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

"Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings, or has found it necessary to cite a party for contempt, does not automatically or inferentially raise the issue of bias. As stated by the court in Lyons v. United States, 9 Cir. 1963, 325 F.2d 370, 376, cert. den. 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 which ruled that affidavits filed under § 144 were legally insufficient: 'The section [144] is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section.' See also Cox v. United States, 8 Cir. 1962, 309 F.2d 614, 619-620; Barnes v. United States, 9 Cir., 1956, 241 F.2d 252; United States v. Lowrey, W.D.Pa.1948, 77 F. Supp. 301, 302, aff'd 172 F.2d 226 and 179 F.2d 964, cert. den. 339 U.S. 969, 70 S.Ct. 986, 94 L.Ed. 1377; United States v. Sansone, 2 Cir., 1963, 319 F. 2d 586." Barry v. Sigler, 373 F.2d 835, 836 (8th Cir. 1967). *See also* United States v. Anderson, 433 F.2d 856, 860 (8th Cir. 1970); Securities and Exchange Commission v. Bartlett, 422 F.2d 475, 481 (8th Cir. 1970); Hanger v. United States, 398 F.2d 91, 101 (8th Cir. 1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969); Hodgdon v. United States, 365 F.2d 679, 686 (8th Cir. 1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967), and cases cited therein.

## II. VOIR DIRE EXAMINATION OF JURY

■ Appellants complain that the trial court refused their requests for permission to conduct the jury examination, for interrogation of prospective jurors outside the presence of each other and to use the 67 questions they had presented for use in questioning the jurors.

Rule 24(a) of the Federal Rules of Criminal Procedure permits the court to determine whether the examination of the juror shall be conducted by the parties and their attorneys or by the court. If the court conducts the examination, it "shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper."

It is within the discretion of the trial court as to the extent of participation it permits in the voir dire examination of jurors and in the absence of a clear abuse of that discretion, its determination will not be disturbed. United States v. Mattin, 419 F.2d 1086, 1087–1088 (8th Cir. 1970); Ross v. United States, 374 F.2d 97, 104 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 130, 19 L. Ed.2d 177 (1967); Pope v. United States, 372 F.2d 710, 726–727 (8th Cir. 1967), vacated on other grounds, 392 U. S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). An examination of the record showing the questions asked by the trial judge does not disclose any clear abuse of that discretion in this case.

## III. INSTRUCTIONS

■ Appellants argue that the instructions given by the district court were improper and prejudicial and further argue that the trial court did not comply with Rule 30 of the Federal Rules of Criminal Procedure in that it did not instruct "in substance" defendants' requests 4, 5, 6, 7, and 8 after stating that it would give them "in substance". An examination of these requested instructions (which related primarily to proof of intent) together with the instructions actually given, reveals that the trial judge did exactly what he said he would do when he stated: "My

inclination is to give all of them in substance, at least in substance, and I emphasize that so you won't be misled except those I will indicate to you."

In addition, it should be pointed out that defendants did not object to the failure to give their requested instructions, 4, 5, 6, 7, and 8; and, by their failure to do so, they have waived any objection unless it falls in the category of plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. As this Court said in Black v. United States, 309 F.2d 331, 342 (8th Cir. 1962), cert. denied, 372 U.S. 934, 83 S. Ct. 880, 9 L.Ed.2d 765 (1963) and recently quoted with approval in United States v. Edwards, 443 F.2d 1286, 1292 (8th Cir. 1971): "This Court has 'repeatedly held that the plain error rule should be applied with caution and should be invoked only to avoid a miscarriage of justice.'" In this case, since the trial court gave substantially the requested instructions, we can see no "miscarriage of justice". Therefore, the failure of the trial judge to give instructions 4, 5, 6, 7, and 8 clearly does not fall within the category of plain error.

■ The other alleged errors in the instructions are similar to those alleged in *Turchick, supra,* except the claim that the court erred in failing to instruct the jury relative to the lesser offense of malicious mischief under 18 U.S.C. § 1361. This section of the statute makes it a crime to willfully injure or commit any depredation against any property of the United States. The amount of damage to such property is made determinative of whether the crime is a felony or a misdemeanor.

Rule 31(c) of the Federal Rules of Criminal Procedure provides that a defendant may be found guilty of an offense *"necessarily included"* in the offense charged. In this case, actual damage to government property was a necessary element of the violation of 18 U.S. C. § 1361, but was not a necessary element of the violation of 50 U.S.C.A. App. § 462(a). As the Supreme Court stated in Berra v. United States, 351 U.

S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013 (1956) (7–2), affirming 221 F.2d 590 (8th Cir. 1955), and quoted with approval in Sansone v. United States, 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), affirming 334 F.2d 287 (8th Cir. 1964), "[i]n a case where *some* of the elements of the crime charged *themselves* constitute a lesser crime, the defendant, if the evidence justified it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense." (Emphasis supplied.) In this case, proof of all elements of 50 U.S.C.A. App. § 462(a), that is knowingly hindering or interfering or attempting to hinder or interfere by force and violence or otherwise, does not necessarily include proof of damage to government property. An attempt to interfere would be entirely possible without any damage to government property.

"To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser. James v. United States, 9 Cir., 16 Alaska 513, 238 F.2d 681, 683. Stated differently, the offense must not require some additional element not needed to constitute the greater offense. Waker v. United States, 1 Cir., 344 F.2d 795, 798." Olais-Castro v. United States, 416 F. 2d 1155, 1157 (9th Cir. 1969). *Accord,* Theriault v. United States, 434 F.2d 212, 214 (5th Cir. 1970); Larson v. United States, 296 F.2d 80, 81 (10th Cir. 1961).

Therefore, failure to instruct the jury relative to the lesser offense of malicious mischief under 18 U.S.C. § 1361 was not error.

We have examined all assignments of error advanced by the appellants and all of those which have not been specifically dealt with in *Turchick, supra,* or in this opinion have been found to be without merit.

Judgments of conviction affirmed. Mandate shall issue forthwith.