Richard Allen NERISON, Appellant,

v.

Herman SOLEM, Warden, South Dakota
State Penitentiary and Mark Meierhen-
ry, Attorney General, State of South Da-
kota, Appellees.

No. 82–1483.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1983.

Decided Aug. 24, 1983.

Certiorari Denied Jan. 16, 1984.
See 104 S.Ct. 983.

Michael H. Dow, Swanson & Carter, Sioux Falls, S.D., for appellant.

Mark V. Meierhenry, Atty. Gen., Grant Gormley, Asst. Atty. Gen., Pierre, S.D., for appellees.

Before HEANEY, ROSS and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Richard Allen Nerison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in United States District Court.[1] His petition was denied and he appeals to this court. For the reasons set forth below, we affirm the judgment of the district court.

Nerison was charged with the first degree burglary of an occupied structure in Union County, South Dakota, on December 26, 1975. On January 30, 1976, pursuant to a plea bargain, Nerison pleaded guilty to the crime of third degree burglary and was sentenced to six years in the South Dakota Penitentiary by Circuit Judge Donald Erickson. The judgment and sentence were later vacated in post-conviction proceedings. Thereafter, Nerison was recharged with first degree burglary based on the same incident. Nerison went to trial on December 29, 1976, and a jury convicted him of first degree burglary on December 30. Judge Erickson presided over both trials.

Nerison petitioned the state trial court for post-conviction relief, which was denied after an evidentiary hearing. Nerison appealed the denial to the South Dakota Supreme Court. Having exhausted all state remedies, Nerison filed a federal habeas corpus petition, assigning the following errors in his state trial:

That his due process rights were violated when his request for change of judge was denied as untimely and the trial judge failed to recuse himself on his own motion.

That his rights to due process and effective assistance of counsel were denied by the court's refusal to substitute court appointed counsel.

That the trial judge deprived him of effective assistance of counsel by denying his motion for a continuance.

That two of the trial court's jury instructions violated his due process rights.

That the court's refusal to give three of his proposed instructions to the jury violated due process.

*Discussion*

A. *Change of Judge*

█ Nerison filed an affidavit of prejudice against Judge Erickson on December 17, 1976, two days before his trial date. The affidavit alleged that Judge Erickson had formed an opinion that Nerison was guilty of the offense charged because the judge had accepted his earlier plea and had become familiar with the facts of the case. Through this affidavit, Nerison requested that another judge be appointed. The presiding circuit judge denied the request because it was not timely made more than ten days prior to trial, as required by S.D. Codified Laws Ann. § 15–12–27 (1967). Under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct.

---

1. The Honorable John B. Jones, United States District Court for the District of South Dakota.

2497, 53 L.Ed.2d 594 (1977), failure to comply with state procedure is an independent and adequate state ground barring federal habeas corpus review, absent a showing of cause for and actual prejudice resulting from the waiver. This principle applies even where the error affects the truthfinding function of the state trial. *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

Nerison cites Canon 3 C(1)(a) of the South Dakota Code of Judicial Conduct, Appendix to Chapter 16–2 of the South Dakota Codified Laws:

C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

This section clearly refers to personal bias, as opposed to judicial bias. It is settled in this circuit that the bias necessary to disqualify a judge must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Beneke,* 449 F.2d 1259, 1260–61 (8th Cir.1971) (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). A trial judge's mere familiarity with a party and his legal difficulties through prior judicial hearings does not automatically or inferentially raise the issue of bias. *Id.* 449 F.2d at 1261. Nerison has not pointed to any instances of personal bias, and his claim of judicial bias is factually unsubstantiated. Having shown no cause for his failure to make a timely request, and no prejudice as a result, he has no grounds for habeas corpus relief.

B. *Ineffective Assistance of Counsel*

Nerison contends that his trial counsel failed to effectively represent him. The district court applied the Eighth Circuit standard of review for this claim, as set out in *Dupree v. United States,* 606 F.2d 829, 830–31 (8th Cir.1979), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980):

The standard for determining the adequacy of counsel is whether the trial counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter,* 539 F.2d 663, 666 (8th Cir.1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). There is a presumption that counsel has rendered effective assistance. *Thomas v. Wyrick,* 535 F.2d 407, 413 (8th Cir.1976), *cert. denied,* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). To overcome the presumption, appellant must show that: (1) there was a failure to perform an essential duty owned [sic] by the defense attorney to his client; and (2) that the failure prejudiced the defense. *McQueen v. Swenson,* 498 F.2d 207, 218 (8th Cir.1974).

In regard to this contention, the court made the following factual determinations:

Counsel was familiar with the case before trial, having represented Nerison in prior post-conviction proceedings concerning the same incident;

Counsel consulted with his client a number of times after being formally appointed on December 3, and attended the December 13 hearing in an advisory capacity;

Counsel adequately prepared for trial and adequately conducted his client's defense. He demonstrated reasonable familiarity with the facts at trial, conducted both adequate direct and cross-examination, and secured the testimony of several witnesses, including one expert witness to support his client's defenses. In light of these circumstances, we find that Nerison has not overcome the presumption of adequate representation.

C. *Denial of Continuance and Substitution of Counsel*

At the preliminary hearing, Nerison informed the court that he did not want his

court-appointed attorney to represent him. The court amended its order to make counsel's assistance available at Nerison's request, and continued the preliminary hearing for one week to allow him to retain other counsel. Nerison failed to get another attorney, insisting that the court must appoint one to his satisfaction. On December 27, 1976, Nerison requested his court-appointed counsel to represent him at the trial scheduled to commence on December 29, 1976. On December 28, 1976, counsel telephoned the trial judge to request that the trial be postponed. Immediately preceding the trial and immediately after both sides had rested, counsel moved for dismissal based on the trial court's refusal to grant his client's request for a continuance. Both motions were denied.

■ A denial of a continuance will be reversible error only if there is a clear abuse of discretion. *United States v. Sheehy,* 670 F.2d 798, 799 (8th Cir.1982). To determine whether the trial court has abused its discretion, the reviewing court will consider factors including counsel's time for preparation, conduct of counsel at trial and presence of prejudice in the record. *United States v. Campbell,* 609 F.2d 922, 925 (8th Cir.1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980). The factual basis underlying both the crime charged and the available defenses was relatively simple. Furthermore, although Nerison did not fully accept counsel's representation until two days before trial, counsel was familiar with the case, having represented him in prior post-conviction and pretrial proceedings. No prejudice resulted from the trial court's denial, and if counsel was not completely prepared, Nerison contributed to the lack of preparation.

■ To warrant substitution of counsel, the defendant must show justifiable dissatisfaction with his appointed counsel. *United States v. Hart,* 557 F.2d 162, 163 (8th Cir.1977), *cert. denied,* 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). The right to effective assistance of counsel may not be improperly manipulated by an eleventh hour request to obstruct the orderly administration of justice. *Id.* Substitution of counsel is a matter committed to the sound discretion of the trial court. In the context of this case, grounded either on ineffective assistance of counsel or abuse of discretion in denying a continuance, the critical issue is whether the appellant was materially prejudiced by the trial court's failure to grant a continuance to allow his counsel to further prepare the case. Nerison has made no showing of prejudice.

### D. *Jury Instructions*

■ First, Nerison claims that the trial court erred by giving jury instructions 11 and 12. He argues that instruction 11 removed the element of specific intent from the burglary charge, and that instruction 12 impermissibly shifted the burden of proof on the specific intent element from the state to him. South Dakota has a statutory contemporaneous objection rule, S.D.Codified Laws Ann. § 23A–24–2(5) (1979); we note that Nerison never objected to these instructions at trial. Failure to raise a timely objection is a procedural bar to habeas corpus review under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and Nerison has shown no cause for his failure to object. Under these circumstances, *Wainwright v. Sykes* is dispositive. *Cf. Dietz v. Solem,* 640 F.2d 126 (8th Cir.1981).

■ Finally, Nerison contends that he was entitled to have the jury instructed on the lesser included offenses of grand larceny and petty larceny. At trial, Nerison proposed three larceny instructions, but the court rejected them and instructed the jury on first, third and fourth degree burglary. Nerison now argues that he was entitled to the larceny instructions as a matter of due process.

Claimed errors in instructions to the jury are generally not of such constitutional magnitude and do not state a claim for habeas corpus relief. * * * More particularly the courts have held that the trial court's failure to give a lesser included offense instruction is not normally such a constitutional error or "fundamen-

tal defect" as to allow collateral review under habeas corpus.

*DeBerry v. Wolff,* 513 F.2d 1336, 1338–39 (8th Cir.1975) (citation omitted). It is significant that the jury was charged on the lesser offenses of third and fourth degree burglary, but returned a verdict of first degree burglary. Thus, the failure to give instructions on larceny, even if error, was harmless. *Cooper v. Campbell,* 597 F.2d 628, 631 (8th Cir.1979), *cert. denied,* 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979).

We have thoroughly reviewed the state court files and transcripts of proceedings, as well as the record in federal court, and we affirm the district court's denial of the writ.[2]

---

**2.** Nerison received a six year sentence after pleading guilty to third degree burglary; following his conviction for first degree burglary, he received a fifteen year term. He now argues that the imposition of a longer sentence after retrial for the same criminal transaction is unconstitutional in light of *North Carolina v.* *Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968). In *Pearce,* the Court set certain guidelines to be followed upon resentencing after a new trial. Nerison raises this claim for the first time on appeal. Because Nerison has not exhausted his state remedies, we have no jurisdiction to review this claim.