**Charles D. LeBARON, Respondent,**

v.

**MINNESOTA BOARD OF PUBLIC DEFENSE, Defendant,**

**Calvin P. Johnson, Appellant.**

**No. C4-92-1495.**

Court of Appeals of Minnesota.

April 20, 1993.

Review Denied June 9, 1993.

Richard W. Haskins, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Steven M. Gunn, Asst. Atty. Gen., Sharon A. Lewis, Special Asst. Atty. Gen., St. Paul, for defendant and appellant.

Considered and decided by NORTON, P.J., SHORT and KLAPHAKE, JJ.

## OPINION

SHORT, Judge.

Donald LeBaron (employee) worked as an assistant public defender in Worthington for approximately one year. When he was fired, he brought this lawsuit for breach of contract and defamation against the Minnesota Board of Public Defense and Calvin P. Johnson, the Chief Public Defender for the Fifth Judicial District (employer). The employer filed a motion to dismiss the complaint, claiming: (a) he enjoys a complete defense against the defamation action; and (b) the breach of contract counts fail to state a claim under Minn.R.Civ.P. 12.02(e). The trial court denied the employer's Rule 12 motion because the employee pleaded detrimental reliance and malice, and the employer was not entitled to official immunity as a matter of law. On this interlocutory appeal, the employer argues immunity and privilege bar the employee's defamation claim against him. We reverse.

## FACTS

On June 24, 1991, the employee received a termination letter from the employer. At the employee's request, the two met to discuss the reasons for termination. On July 14, 1991, the employee wrote a letter to the State Public Defender complaining he had been fired summarily and the employer was unfit to manage the district office. On July 18, the State Public Defender sent a copy of the employee's letter to the employer and asked the employer to provide "his side of the story."

On July 23, the employer wrote a lengthy letter to the State Public Defender setting forth the following reasons for termination of the employee: (a) the employee was absent from work without reason; (b) he sexually harassed his co-workers; (c) the employee's conduct created a hostile work environment for his co-workers; (d) he did not bear his share of the office's workload; (e) the employee had not fairly represented his caseload; (f) the employee had falsely reported time spent on public defense work; and (g) the employee had submitted a fraudulent claim for expense reimbursement. The employer sent a copy of the letter to the employee. That letter forms the basis for the employee's defamation claim against the employer.

## ISSUES

I.   Is the employer entitled to official immunity from the employee's defamation claim?

II.  Does privilege bar the employee's defamation claim against the employer?

## ANALYSIS

A trial court's denial of immunity from suit is a final judgment for purposes of appealability because immunity will be lost if the case is permitted to go to trial. *McGovern v. City of Minneapolis*, 475 N.W.2d 71, 73 (Minn.1991); *Anderson v. City of Hopkins*, 393 N.W.2d 363, 364 (Minn.1986).[1] On appeal, we need not defer to a trial court's conclusions of law regarding immunity. *McGovern v. City of Minneapolis*, 480 N.W.2d 121, 125 (Minn. App.1992), *pet. for rev. denied* (Minn. Feb. 27, 1992). Accordingly, our review of the trial court's denial of the employer's Rule 12 motion is de novo.

### I.

A public official is entitled to official immunity from state law claims when that official is charged by law with duties that require the exercise of judgment or discretion. *Johnson v. Morris*, 453 N.W.2d 31, 41 (Minn.1990). Official immunity is "intended to insure that the threat of potential personal liability does not unduly inhibit the exercise of discretion required of public officials in the discharge of their duties." *Holmquist v. State*, 425 N.W.2d 230, 233 n. 1 (Minn.1988). However, conduct that is malicious, willful, or intentional is not entitled to official immunity. *Rico v. State*, 472 N.W.2d 100, 107 (Minn.1991); *Johnson*, 453 N.W.2d at 42; *see Wagner v. State Dep't of Health and Social Servs.*, 471 N.W.2d 269, 271 (Wis.App.1991) (official immunity affords no protection for conduct that is intentional).

The employer argues he is entitled to official immunity because his actions in writing the July 23 letter involved the exercise of discretion. We disagree. The employee alleged the employer defamed him maliciously. Given the procedural posture of this case, we must assume the employer committed an intentional tort. *See Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980) (describing limited function of a motion to dismiss). Because of the willful and intentional nature of the employer's alleged conduct, he is not entitled to the defense of official immunity from the employee's defamation claim.

### II.

The existence of privilege is a question of law for the court. *Lewis v. Equitable Life Assurance Soc'y*, 389 N.W.2d 876, 890 (Minn.1986). Absolute privilege affords protection from liability irrespective of the publisher's purpose or the manner of publication. By contrast, qualified privilege affords protection only when the publication is made for a proper purpose and that purpose is not abused. *See generally Matthis v. Kennedy*, 243 Minn. 219, 223, 224, 67 N.W.2d 413, 416, 417 (1954) (comparing absolute privilege and qualified privilege).

The employer argues he is entitled to an absolute privilege to defame the employee because of: (a) his position as a district public defender; (b) the employee's conduct; and (c) obligations imposed on him by law. Because we hold the employer has an absolute privilege to defame the employee due to legal compulsion, we need not address whether the employer's qualified privilege to defame the employee is defeased by the employee's allegations of malice. *Rutherford v. County of Kandiyohi*, 449 N.W.2d 457, 464 (Minn.App.1989), *pet. for rev. denied* (Minn. Feb. 28, 1990).

#### A. Cabinet-equivalent position

A top-level official in state government has an absolute privilege to communicate defamatory statements in the performance of his or her official duties. *Johnson v. Dirkswager*, 315 N.W.2d 215, 223 (Minn.1982); Restatement (Second) of Torts § 591 (1977). The employer argues this type of absolute privilege shields him from liability for the allegedly defamatory statements made in the performance of his duties as a district public defender. We disagree.

---

**1.** But see *Johnson v. Northside Residents Redev. Council*, 467 N.W.2d 826, 829 (Minn.App.1991) (privileges or immunities available to a defamation defendant operate as defenses from liability and are not reviewable upon denial of a summary judgment).

The *Dirkswager*-type absolute privilege is to be applied sparingly and protects only "top-level, cabinet-equivalent executives." *See, e.g., id.* at 221 (Commissioner of Public Welfare has an absolute privilege to defame); *McGaa v. Glumack,* 441 N.W.2d 823, 826 (Minn.App.1989) (chair of Metropolitan Airport Commission has an absolute privilege to defame), *pet. for rev. denied* (Minn. Aug. 15, 1989). The purpose of the privilege is not to protect public officials, but to keep the public informed of the public's business. *Matthis,* 243 Minn. at 223, 67 N.W.2d at 417. A district public defender, while performing an important role in the effort to provide legal services in the State, is not a cabinet-equivalent executive. *Cf.* Restatement (Second) of Torts § 598A (1977) (inferior state officials have only a conditional privilege to defame).

The employer has raised several interesting policy-based reasons why the *Dirkswager*-type absolute privilege should be extended to district public defenders. However, such policy issues are more appropriately addressed by the State legislature, which can conduct hearings and base its conclusions on empirical data. *See Nissen v. Redelack,* 246 Minn. 83, 90, 74 N.W.2d 300, 304 (1955) (it is not the function of the courts to pass laws regarding governmental immunity; any change in policy must come from the legislature).

### B. The employee's conduct

■ Defamatory statements are absolutely privileged if the plaintiff consents to their publication. *Utecht v. Shopko Dep't Store,* 324 N.W.2d 652, 654 (Minn.1982); Restatement (Second) of Torts § 583 (1977). The employer argues the employee should have anticipated a response would be required when the employee wrote to the State Public Defender expressing concern over his termination and the employer's ability to do his job. Because the July 23 letter was "foreseeable," the employer argues the employee consented to its publication. We disagree. On a Rule 12 motion we must take the facts as presented in the employee's complaint. *Elzie,* 298 N.W.2d at 32. The employer is not entitled to an absolute privilege based on consent because the employee's allegations of fact do not support the employer's claim that the employee consented to the statements' publication.

### C. Compelled by law

■ In general, one who is required by law to publish defamatory matter is absolutely privileged to publish it. *Dirkswager,* 315 N.W.2d at 223; *McIntire v. State,* 458 N.W.2d 714, 720 (Minn.App. 1990), *pet. for rev. denied* (Minn. Sept. 28, 1990), *cert. denied,* 498 U.S. 1090, 111 S.Ct. 970, 112 L.Ed.2d 1056 (1991); *Freier v. Independent Sch. Dist. No. 197,* 356 N.W.2d 724, 729 (Minn.App.1984); Restatement (Second) of Torts § 592A (1977). The employer argues absolute privilege bars the employee's defamation claim against him because Minn.Stat. § 181.933 (1990) and Minn.Stat. chs. 611 and 13 (1990) required him to publish the July 23 letter. Because both parties admit they failed to follow the timing requirements of Minn. Stat. § 181.933, no absolute privilege can flow from that statute to protect the employer from liability for defamation. We conclude, however, that Minn.Stat. ch. 611 affords absolute privilege to the employer.

First, under Minn.Stat. § 611.215, the State Board of Public Defense and the State Public Defender have the duty and the responsibility to maintain standards for the operation of the state public defense system. As a district public defender accountable to the State Public Defender, the employer was obliged to provide the State Public Defender with information necessary to maintain the proper standards. Minn.Stat. § 611.215, subd. 2(c). Second, under section 611.26, the employer, as a district public defender, is charged with the duty of appointing qualified assistant public defenders; the employer's personnel decisions must conform to the standards adopted by the State Public Defender. Minn.Stat. § 611.26, subd. 4. The employer's duties under section 611.26 include the duties to respond to the direct request from the State Public Defender to state his reasons for terminating an assistant public

defender. The employer's July 23 letter was a privileged act done in response to a direct request from his superior. In this situation, both the State Public Defender and the employer were acting pursuant to a statutory mandate to maintain and conform to standards. *See McGaa,* 441 N.W.2d at 826 (official enjoyed absolute privilege to defame former employee because of statutory requirement that official respond to former employee's allegations of mismanagement). The disclosure to the State Public Defender was thus absolutely privileged.

The Minnesota Government Data Practices Act, Minn.Stat. ch. 13, could provide an additional ground for our conclusion that the employer was compelled by law to write the July 23 letter. *See, e.g., McDevitt v. Tilson,* 453 N.W.2d 53, 57 (Minn.App. 1990) (Minnesota Government Data Practices Act did not protect defamation defendant from liability because defendant went beyond what the Act required him to do), *pet. for rev. denied* (Minn. May 23, 1990); *Rutherford,* 449 N.W.2d at 464 (defamation defendants were absolutely privileged because notice of termination was a public document under the Act); *Freier,* 356 N.W.2d at 730 (defamation defendants were absolutely privileged to defame a former employee based on three laws, including the Minnesota Government Data Practices Act). *But see Carradine v. State,* 494 N.W.2d 77, 81 (Minn.App.1992) (Minnesota Government Data Practices Act does not specifically protect government employees from liability for defamation), *pet. for rev. granted in part, denied in part* (Minn. Feb. 23, 1993). We need not reach this issue because of our disposition under chapter 611.

Because the employer was obliged by law to administer the public defense system in the district in a manner consistent with the State Board and the State Public Defender's requirements, an absolute privilege shields the employer from the employee's defamation claim based on the employer's disclosure to the State Public Defender of the reasons for the employee's termination. Accordingly, the employer's Rule 12 motion should have been granted in part

and the employee's defamation claim against him dismissed.

### DECISION

Official immunity is not a defense to intentional torts such as defamation. While an absolute privilege should not be extended to district public defenders because of their position, the employer is entitled to an absolute privilege barring the employee's defamation claim against him because he was required by law to disclose the reasons for the employee's termination.

**Reversed.**