Gerald E. BOL, a/k/a Gerald Bol, Sr., Appellant,

v.

Autumn COLE, Ph.D., et al., Respondents,

Sandra L. Petron, Kathy R. Buhr, Defendants.

No. C9–95–2124.

Court of Appeals of Minnesota.

April 9, 1996.

John M. Colosimo, Colosimo, Patchin, Aronson & Kearney, Ltd., Virginia, for Appellant.

Mark A. Muhich, John C. Richards, III, The Trenti Law Firm, Virginia, for Respondents.

Considered and decided by HARTEN, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

HARTEN, Judge.

This is a defamation action against a psychologist and clinic based upon their release of a statutory child abuse report as part of a child's health record. The district court granted partial summary judgment to respondents, finding that they were immune from suit because they had statutory authority to release the information. We reverse and remand.

## FACTS

Respondent Autumn Cole, Ph.D., is a clinical psychologist employed by respondent Range Mental Health Center, Inc. (the Clinic). In April 1993, Cole began treating five-year-old S.P. During their sessions, S.P. told Cole that appellant Gerald Bol and others, including S.P.'s father, had sexually abused him. In May 1993, Sandra Petron, S.P.'s mother, executed a consent form purportedly authorizing the Clinic to furnish S.P.'s health information to her and her attorney.

By letter dated June 21, 1993, Cole reported this alleged abuse to the St. Louis County Social Services. In the letter, Cole described the sexual abuse that Bol and others had allegedly committed on S.P. On September 8, 1993, Cole sent a more detailed letter reporting the sexual abuse to the St. Louis

County Attorney, with copies to the St. Louis County Sheriff, St. Louis County Social Services, Sandra Petron, and Petron's attorney. By letter of October 6, 1993, Cole provided additional information to the same correspondents.

Bol brought a defamation action against Cole and the Clinic based upon their release of information that he had allegedly abused S.P.[1] The district court granted partial summary judgment dismissing the action against Cole and the Clinic, finding that they had statutory authority to release the information and were thus protected from suit. Bol appeals.

## ISSUE

Is a person who reports suspected child abuse under the Child Abuse Reporting Act immune from liability for releasing the report to the child's parent and her attorney as a health record?

## ANALYSIS

■■■ Appellant Bol challenges adverse partial summary judgment dismissing his defamation claims against Cole and the Clinic. On appeal from summary judgment, we determine whether there are any genuine issues of material fact and whether the district court misapplied the law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). This case involves questions of statutory construction that we review de novo. *See Doe v. State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

Based on approximately 15 counseling sessions that Cole had with S.P. and the child's consistent statements, Cole had reason to believe that S.P. had been sexually abused. Pursuant to the Child Abuse Reporting Act, Minn.Stat. § 626.556 (1994 & Supp.1995),

Cole reported this information to county authorities. The statute requires that:

> A person who knows or has reason to believe a child is being neglected or physically or sexually abused * * * shall immediately report the information to the local welfare agency, police department, or the county sheriff if the person is:
>
> (1) a professional or professional's delegate who is engaged in * * * psychological or psychiatric treatment * * *.

Minn.Stat. § 626.556, subd. 3(a). The statute provides that mandatory reporters whose reports are made in good faith are immune from civil liability for making their reports. *Id.*, subd. 4(a).[2]

Cole also provided copies of the report to S.P.'s mother and her attorney, persons who are not authorized recipients under the Child Abuse Reporting Act. Nonetheless, the district court found that respondents were permitted to release the report to those persons as part of the child's health record under Minn.Stat. § 144.335 (Supp.1995). That statute grants patients the right to copies of their own health records:

> Upon request, a provider shall supply to a patient complete and current information possessed by that provider concerning any diagnosis, treatment and prognosis of the patient in terms and language the patient can reasonably be expected to understand.

Minn.Stat. § 144.335, subd. 2(a). "Patient" is defined as

> a natural person who has received health care services from a provider for treatment or examination of a medical, psychiatric, or mental condition, * * * or a person the patient designates in writing as a representative. * * * *[I]n the case of a*

1. Bol also named Petron and Kathy Buhr as defendants in the defamation suit. Those claims were not part of the motion for summary judgment and are not part of this appeal.

2. We do not address Bol's argument that respondents lost their immunity by reporting the suspected abuse to the county attorney, a person not listed in the statute as an authorized recipient. When the motion for summary judgment was argued in district court, and at oral arguments before this court, Bol's attorney agreed that the county attorney was a proper recipient of the information because the county attorney works closely with law enforcement and social services. We note that by statute, county sheriffs and welfare departments may share the information with the prosecuting authority. *See* Minn.Stat. § 626.556, subd. 11.

*minor, patient includes a parent or guardian * * *.*

*Id.,* subd. 1(a) (emphasis added).

 As the mother of S.P., Petron meets the definition of "patient," and her attorney was her designee.[3] Thus, were the statute complied with, respondents were privileged to release S.P.'s health records even though they contained potentially defamatory information. "One who is required by law to publish defamatory matter is absolutely privileged to publish it." *Freier v. Independent Sch. Dist. No. 197,* 356 N.W.2d 724, 729 (Minn.App.1984); *accord LeBaron v. Minnesota Bd. of Pub. Defense,* 499 N.W.2d 39, 42 (Minn.App.1993), *review denied* (Minn. June 9, 1993). The question is whether respondents lost their immunity from liability when they released (as a health record under Minn.Stat. § 144.335) a child abuse report to persons who were not designated recipients under the Child Abuse Reporting Act. We conclude that immunity was lost.

Whether a child abuse report may be released as a "health record" is an issue of first impression. Although the statute does not specifically define "health record," it is described as the "complete and current information possessed by that provider concerning any diagnosis, treatment and prognosis of the patient." Minn.Stat. § 144.335, subd. 2(a). For purposes of deciding the issue before us, we adopt that description as the definition of "health record."

The purpose of the Child Abuse Reporting Act is "to protect children whose health or welfare may be jeopardized through * * * sexual abuse * * * [and] to require the assessment and investigation of the reports" by government authorities. Minn.Stat. § 626.556, subd. 1. Health care providers, teachers, members of the clergy, and other people who interact with children are required by law to make such reports. *Id.,* subd. 3(a). The statute does not include the child's parent as an authorized recipient. As in this case, a parent or family member could be the alleged abuser, so releasing the

information to the child's parent or guardian could further endanger the child. In short, a child abuse report is made to alert government authorities to cases of suspected child abuse. On the other hand, a health record is more patient-oriented; it simply provides information regarding the diagnosis, treatment, or prognosis of the patient.

Moreover, were a child abuse report releasable as a health record, access would be inconsistent depending upon the status of the reporter. A health record recipient would have access to a child abuse report made by a health care provider, but not such a report made by a teacher or member of the clergy. We do not believe the legislature intended that result. Accordingly, because these purposes and concepts fundamentally differ, we conclude as a matter of law that a child abuse report is not a health record and therefore cannot be released as such under Minn.Stat. § 144.335. *See Howard v. Des Moines Register & Tribune Co.,* 283 N.W.2d 289, 300 (Iowa 1979) (records of sterilization maintained by governor's office are not "medical records" because they are not compiled for diagnostic or treatment purposes).

We reverse the partial summary judgment and remand for further proceedings not inconsistent with this opinion.

## DECISION

Respondents Cole and the Clinic unlawfully released statutory child abuse reports to S.P.'s mother and her attorney as part of S.P.'s health record. Partial summary judgment, holding that respondents are immune from appellant Bol's defamation action was therefore inappropriate.

**Reversed and remanded.**

---

3. Because of our holding, we do not analyze the validity of the consent form Petron signed authorizing release of S.P.'s health records.