_____

No. 95-2854

_____

Barbara R. Burns,                          *
                                           *
          Appellant,                       *
                                           *
     v.                                    *
                                           *
Aon Corporation, a corporation             *
chartered in Delaware, with                *
corporate headquarters at                  *
Chicago, Illinois; Frank B.                *
Hall & Company, Inc., a wholly             *
owned subsidiary of Reliance               *
Group Holdings, plc, a                     *    Appeal from the United States
corporation chartered in                   *    District Court for the
Delaware, with corporate offices*          District of Minnesota.
at Briarcliff Manor, New York;             *
Rollins Hudig Hall, its                    *         [UNPUBLISHED]
affiliates and subsidiaries,               *
including Rollins Hudig Hall of            *
MN a successor in interest to              *
Frank B. Hall and Co. of MN,               *
Inc.; David J. Duddleston,                 *
Esq., individually, and in his            *
capacity as agent of Frank B.              *
Hall and Co. of MN, Inc.,                  *
                                           *
          Appellees.                       *

_____

               Submitted:  April 5, 1996

                   Filed:  April 23, 1996
_____

Before FAGG, HENLEY, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Barbara R. Burns appeals the judgment entered by the District Court[1] after it dismissed some defendants and granted summary judgment to the remaining defendants in Burns's action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (1994); the Minnesota Humans Right Act (MHRA), Minn. Stat. Ann. §§ 363.01 to 363.20 (West 1991 & Supp. 1996); and Minnesota common law.  We affirm.

Burns was formerly employed by Frank B. Hall & Company of Minnesota (FBH-MN), for whom she sold insurance.  Burns named as corporate defendants Frank B. Hall and Company (FBH), of which FBH-MN was formerly a wholly owned subsidiary; Rollins Hudig Hall of Minnesota (RHH-MN), successor in interest to FBH-MN; Rollins Hudig Hall (RHH), of which RHH-MN is a wholly-owned subsidiary; and Aon Corporation, parent corporation of FBH and RHH.

Burns alleged that in 1991 she was sexually harassed by a male employee of FBH-MN.  She also alleged that, immediately after she reported the harassment, FBH-MN senior management personnel placed her on probation for unsubstantiated performance problems, and that defendant Donald S. Schneider, Senior Vice President of Human Resources for FBH, told her she would be fired if she did not sign a settlement agreement.  In June 1991, Burns--with the advice of counsel--signed the settlement agreement, in which the parties agreed to the terms of Burns's severance and further agreed that Burns released all claims against FBH-MN and its successors. The settlement agreement also required that the parties keep the terms of the agreement and the totality of their employment relationship confidential.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the reports and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

According to Burns, FBH-MN subsequently breached the terms of the settlement agreement by disparaging her within the business community, by falsely representing her employment with FBH-MN, and by interfering with her efforts to become re-employed.  She alleged that her termination and FBH-MN's subsequent conduct violated Title VII and the MHRA, and that a FBH-MN employee defamed her during a deposition.  Burns further alleged that defendant David D. Duddleston, an attorney for FBH-MN, attempted to prevent her from exercising her rights under the MHRA by telling her she would be sued if she pursued any of the released claims, and that Duddleston defamed her during statements to a judge.  She also alleged claims of promissory estoppel and interference with prospective business relations.

The District Court dismissed defendant Duddleston and granted the corporate defendants summary judgment.  The Court subsequently dismissed defendant Schneider, the only remaining defendant, because Burns had failed to serve him within 120 days of filing her complaint.  On appeal, Burns argues that summary judgment was not proper as to the corporate defendants, and that Schneider should not have been dismissed.  She further claims that the District Court's decisions were influenced by judicial bias.

We review de novo the grant of summary judgment, applying the same standard as the District Court.  Demming v. Housing and Redevelopment Auth., 66 F.3d 950, 953 (8th Cir. 1995).  We conclude the District Court properly granted the corporate defendants summary judgment.

First, with regard to Burns's discriminatory discharge claims, Aon, RHH, and FBH were not proper Title VII or MHRA defendants, because they were not Burns's employer.  See 42 U.S.C. § 2000e-2 (1994); Minn. Stat. Ann. § 363.03 (West Supp. 1996).  Burns failed to present evidence that overcame the "strong presumption that a

parent company is not the employer of its subsidiary's employees." <u>See</u> <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1362 (10th Cir. 1993).

Assuming RHH-MN, as FBH-MN's successor in interest, was a proper Title VII or MHRA defendant, RHH-MN was nevertheless entitled to summary judgment on Burns's claims of discriminatory discharge, because she released these claims in the settlement agreement. We do not consider Burns's argument raised for the first time on appeal that the settlement agreement was voidable. <u>See</u> <u>Dorothy J. v. Little Rock Sch. Dist.</u>, 7 F.3d 729, 734 (8th Cir. 1993). While the District Court did not expressly address Burns's allegations that FBH-MN breached the settlement agreement, summary judgment was proper as to this claim because Burns failed to allege or provide evidence of the specific conduct constituting a breach.

Although the settlement agreement did not release FBH-MN from liability for claims arising after the agreement was signed, <u>see</u> Minn. Stat. Ann. § 363.031 (West 1991) (prohibiting prospective waiver), summary judgment was also proper as to Burns's reprisal claim under the MHRA, because Burns failed to allege or provide evidence of the specific acts of reprisal or when they occurred. <u>See</u> Minn. Stat. Ann. § 363.03 subd. 7(2) (West Supp. 1996). To the extent this claim could be interpreted as a Title VII retaliation claim, <u>see</u> 42 U.S.C. § 2000e-3 (1994), summary judgment was proper because Title VII does not provide former employees a cause of action against their former employers for post-employment retaliation. <u>See</u> <u>Robinson v. Shell Oil Co.</u>, 70 F.3d 325, 329-31 (4th Cir. 1995), <u>petition for cert. filed</u>, 64 U.S.L.W. 3605 (U.S. Feb. 27, 1996) (No. 95-1376).

Summary judgment was also proper as to the defamation claim for the deposition statements of an FBH-MN employee during a deposition in an unrelated case, because statements made during a deposition are absolutely privileged. <u>Cf.</u> <u>LeBaron v. Minnesota Bd. of Pub. Defense</u>, 499 N.W.2d 39, 41 (Minn. Ct. App. 1993) (holding

"the employer has an absolute privilege to defame the employee due to legal compulsion"). Finally, we agree with the District Court that Burns's vague and conclusory allegations failed to state a claim of promissory estoppel or interference with prospective business relations. See Ruzicka v. Conde Nast Publications, Inc., 999 F.2d 1319, 1320 (8th Cir. 1993) (discussing elements of promissory estoppel under Minnesota law); Hough Transit, Ltd. v. National Farmers Org., 472 N.W.2d 358, 361 (Minn. Ct. App. 1991) (analyzing elements of tortious interference).

As to defendant Schneider, we conclude the District Court did not abuse its discretion in dismissing Burns's claims for failure to serve a summons and complaint within the time requirements of Federal Rule of Civil Procedure 4(m). See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam). Burns's argument that an attorney of a corporate defendant was an agent of Schneider is without merit, see Nelson v. Swift, 271 F.2d 504, 505 (D.C. Cir. 1959) (per curiam), and Burns failed to show good cause to excuse her failure to serve Schneider.

As to defendant Duddleston, Burns did not address Duddleston's dismissal in her main brief. See Falco Lime, Inc. v. Tide Towing Co., 29 F.3d 362, 367 n.6 (8th Cir. 1994). In any event, the District Court correctly dismissed Burns's MHRA claims against Duddleston as time-barred, and her defamation claim against him because the alleged statements made during an unrelated legal proceeding were not actionable. See Minn. Stat. Ann. § 363.06(3) (West 1991) (one year MHRA statute of limitations); McGovern v. Cargill, Inc., 463 N.W.2d 556, 557 (Minn. Ct. App. 1990) (stating statements made in court proceedings are absolutely privileged).

We conclude all of Burns's post-appeal motions are without merit. As to Burns's motion to disqualify Judge Rosenbaum and petition for a writ of mandamus, Burns has not substantiated her claim of judicial bias. Cf. Nerison v. Solem, 715 F.2d 415, 416-17

(8th Cir. 1983) (stating affidavit asserting judge was familiar with party and his prior legal proceedings does not automatically or inferentially establish judicial bias; claim must be factually substantiated), cert. denied, 464 U.S. 1072, and cert. denied, 465 U.S. 1026 (1984).

Accordingly, we affirm the judgment of the District Court and deny all pending post-appeal motions, as well as Burns's petition for a writ of mandamus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.