# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1216MN

_____

| | | |
|---|---|---|
| Girish Chandra Sahu, M.D., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Mayo Foundation; Mayo Graduate | * | |
| School of Medicine; Mayo Clinic; | * | On Appeal from the United |
| Robert Cofield, M.D., Dean; Mark | * | States District Court |
| Reider, Administrator; Jane K. | * | for the District of |
| Campion, Director of Diversity; D. E. | * | Minnesota. |
| McAlpine, M.D., Faculty; Larry Martin, | * | |
| M.D., Faculty; Tracy Tomac, M.D., | * | [Not To Be Published] |
| Resident; Shalene Phelan, Resident; | * | |
| Virginia Hofman, M.D., Resident; Dean | * | |
| Watkins, M.D., Resident; David M., | * | |
| Nursing Staff; Doe, 1-10, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 2, 2001
Filed:  May 16, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

Girish Chandra Sahu appeals the District Court's[1] adverse grant of summary judgment in his employment discrimination action under Title VII, the Americans With Disabilities Act (ADA), the Rehabilitation Act (RA), the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. §§ 1981, 1983, and 1985. He filed this action, which also included a state-law defamation claim, after he was terminated from the Mayo Graduate School of Medicine psychiatric residency program. Having reviewed the record and the parties' briefs, see Carter v. St. Louis Univ., 167 F.3d 398, 400-01 (8th Cir. 1999) (de novo standard of review), we affirm.

The District Court did not abuse its discretion by determining Sahu's case was ripe for summary judgment. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 910-11 (8th Cir. 1999). We agree with the Court that his claims under Title VII, the ADA, and the ADEA were time-barred, see 42 U.S.C. § 2000e-5(e)(1) (requiring Title VII retaliation and race and national-origin discrimination claims be filed with EEOC within 300 days after alleged unlawful employment practice); 42 U.S.C. § 12117(a) (applying § 2000e-5 procedures to ADA charges); 29 U.S.C. § 626(d)(2) (300-day filing requirement under ADEA); Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327-28 (8th Cir. 1995) (accrual date is date when adverse employment action is communicated to plaintiff); and that he was not entitled to an equitable modification of the limitations period, see Lawrence v. Cooper Communities., Inc., 132 F.3d 447, 451 (8th Cir. 1998) (equitable tolling); Beshears v. Communications Servs., Inc., 930 F.2d 1348, 1351 (8th Cir. 1991) (same); Dring, 58 F.3d at 1329 (equitable estoppel); Conner v. Reckitt & Colman, Inc., 84 F.3d 1100, 1102 (8th Cir. 1996) (continuing violation).

As to Sahu's timely claims, he failed to establish he was handicapped, see Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (under RA, employee must

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

first show he was member of protected class, i.e., handicapped); he did not show defendants' non-discriminatory reasons for his termination (multiple performance-related deficiencies) were pretextual, see <u>Brogren v. Minnesota</u>, 236 F.3d 399, 408-09 (8th Cir. 2000) (where employee did not meet burden of demonstrating genuine issue of pretext, which would allow inference or support actual findings of purposeful discrimination, § 1981 claim failed); and the allegedly defamatory statements made during the evaluation process to which he consented were privileged, see <u>Johnson v. Baptist Med. Ctr.</u>, 97 F.3d 1070, 1073-74 (8th Cir. 1996) (comments made in evaluating Missouri resident physician were privileged under Restatement (Second) of Torts § 583, as consent can make privileged otherwise defamatory statements); <u>LeBaron v. Minn. Bd. of Public Defense</u>, 499 N.W.2d 39, 42 (Minn. App. 1993) (applying § 583 in another context).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.