**UNITED STATES of America, Appellee,**

v.

**Eric WALLACE, Appellant.**

**No. 83–1629.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 5, 1983.

Decided Dec. 9, 1983.

Thomas E. Dittmeier, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Christopher T. Hexter, Schuchat, Cook & Werner, St. Louis, Mo., for appellant.

Before ROSS, ARNOLD, and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Eric Wallace appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). The sole issue on appeal is whether the District Court[1] committed reversible error when it permitted the prosecutor to ask Wallace if his probation for a prior conviction had been revoked. The District Court believed that this question was appropriate to dispel a false impression that defendant's direct examination might have left. We hold that this ruling was not an abuse of discretion, and we therefore affirm.

1. The Hon. Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

## I.

On July 3, 1982, after responding to a call that firearms were being flourished on a street in St. Louis, police officers arrested Eric Wallace and seized a fully loaded .38 caliber revolver. Wallace was tried before a jury in April 1983 on a charge of being a convicted felon in possession of a firearm.[2] During the course of the three-day trial, Wallace took the stand in his own defense. On direct examination, defense counsel asked him a number of background questions, including his address, and the date, place, and sentence received for his prior felony conviction. Wallace testified that he had been placed on three years' probation, subject to five years' imprisonment if he violated the terms of his probation. He also testified that the rules of his probation prohibited possession of firearms.

On cross-examination, the Assistant United States Attorney asked the following question:

Q. And since that time there has been a revocation of that probation, is that correct?

A. That's correct.

Q. And so you are currently not residing at [the St. Louis address mentioned on direct]?

A. That's correct.

Immediately following this exchange, defense counsel moved for a mistrial on the ground the prosecutor's questions were irrelevant to Wallace's guilt or innocence in the present case. In the alternative, defense counsel asked that the jury be instructed that the information was irrelevant and prejudicial.[3] The Government responded that the purpose of the questions was to clarify the record because Wallace's

testimony created the impression he was still on probation, when in fact his probation had been revoked.[4]

The trial judge agreed that the jury had been left with the impression Wallace was on probation. He denied the motion for mistrial, noting that the challenged questions were not directed at establishing Wallace's guilt or innocence, but at impeaching his credibility. The jury found Wallace guilty as charged, and he was sentenced to two years' imprisonment. This appeal followed.

## II.

■ The trial court has broad discretion in determining the relevancy and admissibility of evidence, *United States v. Eckmann,* 656 F.2d 308, 312 (8th Cir.1981); *United States v. Bernhardt,* 642 F.2d 251, 253 (8th Cir.1981), and in setting the limits of cross-examination. See *Roberts v. Hollocher,* 664 F.2d 200, 203 (8th Cir.1981); Fed.R.Evid. 611(b). Similarly, in determining whether the probative value of evidence outweighs the danger of unfair prejudice, great deference must be given to the trial judge who heard the evidence. *See, e.g., United States v. Boykin,* 679 F.2d 1240, 1244 (8th Cir.1982); *United States v. Drury,* 582 F.2d 1181, 1185 (8th Cir.1978). If a defendant takes the stand, his credibility is placed in issue, and the Government is entitled to attack it by cross-examination. *United States v. Webb,* 533 F.2d 391, 396 (8th Cir.1976). Counsel should be given wide latitude in cross-examination. See *United States v. Pfeiffer,* 539 F.2d 668, 671 (8th Cir.1976).

■ In the present case, Wallace testified on direct examination that he pleaded guilty to two felonies in August of 1981. He also testified that he was placed on

---

2. Wallace stipulated that he had been convicted of two felonies on August 18, 1981. The prior conviction was for two counts of carrying a concealed weapon. Wallace agreed to the stipulation in return for a commitment from the Government not to ask specifics about the prior conviction beyond the date, place, and sentence imposed. Accordingly, the jury was never told the nature of the offense for which Wallace was previously convicted. No violation of the stipulation is alleged.

3. The jury instructions are not in the trial transcript, but the appellant's brief indicates that no such instruction was given.

4. While no official report is included in the record on appeal, appellant's brief indicates probation was revoked as a result of the arrest which led to the conviction in question here.

three years' probation as a result of the conviction, and that he lived at a St. Louis address. The prosecution's questions were thus related to information brought before the jury by defense counsel on direct examination. "Cross-examination may embrace any matter germane to direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict, or rebut testimony given by the witness." *Roberts v. Hollocher, supra,* 644 F.2d at 203. It is true that the jury might have inferred that some connection existed between the probation revocation and the possession charge, especially since Wallace testified that the conditions of his probation prohibited possession of firearms. It should be noted, however, that the jury was never told why Wallace's probation was revoked, or that his conduct on July 3, 1982, was even considered in bringing about the revocation. Nor does it appear that the questions had a prejudicial impact strong enough to deny Wallace a fair trial. In the circumstances, we do not believe the trial court abused its discretion in permitting the challenged cross-examination.

Affirmed.