**UNITED STATES of America, Appellee,**

v.

**James BAYLESS, Appellant.**

**No. 90–2655.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1991.

Decided July 25, 1991.

Rehearing Denied Aug. 29, 1991.

James C. Ochs, argued (Clifford Schwartz, on brief), St. Louis, Mo., for appellant.

Howard J. Marcus, St. Louis, Mo., for appellee.

Before BOWMAN and FRIEDMAN *, Circuit Judges, and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Appellant James Bayless was convicted by a jury of conspiring to distribute cocaine, and possessing it with the intent to distribute it. He was sentenced to ten

* DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

years in prison. On appeal, he challenges both his conviction and his sentence. We affirm.

On June 3, 1988, Donald McCloskey, John McConnell, Damon Dobbins, Deborah Byrne, David Dixon, and Bayless were indicted for conspiracy to possess marijuana and cocaine with intent to distribute. McCloskey, McConnell, Dobbins, and Byrne were in custody within five days of the indictment and were taken to trial without Dixon or Bayless, neither of whom could be found. On February 9, 1989, all four were convicted.

Unbeknownst to the U.S. Marshal service or the Drug Enforcement Agency, Bayless had been living under the name of "Jonathan Delmonico" in Florida since 1985.[1] On November 22, 1988, he was arrested under that name on a state drug charge, but because he agreed to cooperate with the authorities, he was released from custody on a reduced bond. It was not until July 18, 1989, that the Florida authorities learned that Jonathan Delmonico was, in fact, James Bayless and that he was wanted on a Federal warrant from the Eastern District of Missouri. Upon learning this, they again placed him under arrest. Two days later they took him before a state judge. That same day his bail bondsman formally surrendered his bond, and the following day the U.S. Marshal's Office filed a detainer against him with the Florida authorities. On July 31, 1989, his Florida bond was revoked pursuant to a motion by the state of Florida.

As a consequence of the above proceedings, Bayless remained in custody in Florida until his acquittal on the state charge in the early part of February 1990. At that time, the United States Marshals again arrested him and returned him to the Eastern District of Missouri. There he was arraigned and his trial date was set for May 21, 1990. The magistrate[2] ordered that he be held without bond. Then, less than two weeks before his scheduled trial date, the government filed a superseding indictment, to which Bayless responded by filing his first motion for a continuance. The District Court[3] granted this motion and reset the trial date for July 2, 1990. Meanwhile, the court conducted a hearing to reconsider whether Bayless should be held without bond. It later fixed his bond at $100,000. On June 14, 1990, Bayless posted bond and was released. Shortly thereafter the District Court moved the trial date to July 5, 1990.

On July 3, Bayless again moved for a continuance, arguing that he had "reason to believe that he could locate Dixon and could force him to testify." Appellant's Brief at 26. He did not explain how he proposed to accomplish these tasks, given that Dixon was one of Bayless's indicted co-conspirators and had been a fugitive since he was indicted in June 1988, nor did he provide the court with an affidavit of Dixon's expected testimony. Two days later, on the first day of trial, the District Court denied Bayless's motion for a continuance.

After a two-day trial the jury found Bayless guilty. The District Court denied his motion for a new trial and sentenced him to ten years in prison without parole. On appeal he argues first, that the District Court abused its discretion when it denied his July 3 motion for a continuance; second, that the District Court lacked jurisdiction to hear the case; third, that irrelevant and prejudicial testimony and exhibits were admitted erroneously into evidence; and fourth, that the District Court violated his constitutional rights by failing to credit his sentence for the time that he was held in jail, without bond, in both Florida and Missouri. We disagree with Bayless's first three arguments, and we find his fourth

---

1. According to Bayless, he moved back to St. Louis for a brief period of time in 1987, and it was only then that he took the name Jonathan Delmonico.

2. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

3. The Honorable William Hungate, United States District Judge for the Eastern District of Missouri.

argument is not properly before us. We therefore affirm his conviction and sentence.

## I.

■ Bayless's argument that the District Court abused its discretion by denying his motion for a continuance is meritless. In support of his position he argues that the government violated Rules 5 and 9 of the Federal Rules of Criminal Procedure by failing promptly to take him before a federal magistrate after his July 18, 1989 arrest.[4] He also argues that the government violated his rights under the Fifth and Eighth Amendments by directing the Florida authorities to hold him without bond.[5] Finally, he argues that his rights under these amendments were violated further in the Eastern District of Missouri where he was not permitted to post bond until three weeks before his trial.[6] He asserts that the cumulative effect of these violations somehow impaired his ability to locate Dixon, who, he claims, would have provided testimony essential to his defense. Accordingly, he concludes that it was an abuse of discretion for the District Court to deny his motion for a continuance.[7] Bayless's position is unsound.

"A trial judge has broad discretion in deciding whether to grant or deny a motion for a trial continuance." *United States v. Heine*, 920 F.2d 552, 555 (8th Cir.1990). "To determine whether the trial court has abused its discretion, the reviewing court will consider factors including counsel's time for preparation, conduct of counsel at trial and presence of prejudice in the record." *Nerison v. Solem*, 715 F.2d 415, 418 (8th Cir.1983), *cert. denied*, 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 220 *and* 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984). Here, Bayless's only complaint is that the denial of his motion for a continuance prejudiced his defense by preventing him from locating a witness material to his defense. A review of the record, however, does not support such a conclusion.

Bayless was returned to St. Louis by March 1990, and he had been represented by counsel there since September of the year before. He filed his first motion for continuance, which was granted, only four days before his original trial date of May 21, 1990. In that motion he did not mention that he needed to locate Dixon, that he thought he could locate Dixon, or that Dixon's testimony was essential for him to be able to get a fair trial. In the six weeks

---

**4.** Rule 9 of the Federal Rules of Criminal Procedure provides that "[w]hen a defendant arrested with a warrant or given a summons appears initially before a magistrate, the magistrate shall proceed in accordance with the applicable subdivisions of Rule 5." Fed.R.Crim.P. 9(a). Subsection (a) of Rule 5 provides, in part, that:

[a]n officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate or, in the event that a federal magistrate is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.

Fed.R.Crim.P. 5(a). In addition, the relevant portion of subsection (c) provides that:

[i]f the charge against the defendant is not triable by the United States magistrate, the defendant shall not be called upon to plead. The magistrate shall inform the defendant of the complaint against the defendant and of any affidavit filed therewith, of the defendant's right to retain counsel or to request the assignment of counsel if the defendant is unable to obtain counsel, and of the general

circumstances under which the defendant may secure pretrial release.
Fed.R.Crim.P. 5(c).

**5.** It appears from the copy of the arrest order that there was a "no bond" order issued in connection with the federal charge against him. *See* Appellant's Appendix at 33.

**6.** Bayless erroneously claims that he "had [only] two weeks to prepare for trial." Appellant's Brief at 23. The record shows that he was released on bond on June 14 and that his trial began on July 5. *See* Appellant's Appendix at 8–9.

**7.** We also note that Bayless appears to be arguing that the failure timely to take him before a federal magistrate during his detention in Florida was an independent violation of his rights. Even if this issue has been preserved for appellate review, and our examination of the record suggests that it has not, it affords Bayless no basis for relief. The government arraigned Bayless before a Florida state magistrate two days after his July 18, 1989 arrest, and Fed.R.Crim.P. 5(a) permits such an arraignment if a federal magistrate is not "reasonably available."

between the original trial date and the second trial date on July 2, Bayless never mentioned that he needed more time to locate Dixon. Then, just two days before his final trial date, he moved for a continuance, arguing that he had reason to believe he could locate Dixon and force him to provide favorable testimony, despite the fact that Dixon had been indicted along with Bayless and despite the fact that Dixon had been hiding from the law for over two years. Bayless did not offer any reasons that would cause the District Court, or this court, to believe that he indeed could locate Dixon or that Dixon would testify favorably. He also made no effort to reconcile his position with the fact that he originally had appeared to be ready to go to trial on May 21, even though he had not located Dixon and had not been released on bond. Moreover, he made no effort to explain why he had failed to mention, until two days before his final trial date, his asserted need to locate Dixon. In these circumstances, we cannot conclude that the District Court abused its discretion by denying Bayless's motion for a continuance. *Cf. United States v. Ware*, 890 F.2d 1008 (8th Cir.1989) (finding no abuse of discretion in District Court's denial of defendant's pro se motion for continuance, made for the purpose of permitting him to study the law, when the defendant's motion to proceed pro se had been granted just two days before trial).

## II.

Bayless argues that the District Court lacked jurisdiction to hear his case. We disagree. Bayless bases this argument upon the Interstate Agreement on Detainers Act, 18 U.S.C. app. § 2 (1988),[8] which provides in part that:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution ..., and whenever during the continuance of the term of imprisonment there is pending in any other ... State any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment....

18 U.S.C. app. § 2 Art. III(a). Bayless insists that the 180–day limitation period of this act should be applied to his case because, first, he was not taken before a federal magistrate until long after his July 18, 1989 arrest, and thus it was the government's violation of his rights that prevented him from invoking the act; and second, the motions filed by his St. Louis counsel in September 1989 constitute "substantial compliance" with the affirmative requirements of the act and thus are sufficient to invoke the act. He reasons that because he invoked the act in September 1989, and because he was not tried until July 5, 1990, the act's 180–day limitation period necessarily expired prior to his trial. He therefore concludes that the District Court was without jurisdiction to hear his case.[9]

Bayless, however, overlooks the plain requirements of the statute. By its terms it applies only to persons who have "entered upon a term of imprisonment in a penal or correctional institution," 18 U.S.C. app. § 2 Art. III(a), and we have held that pretrial detainees are not part of that group. *See, e.g., United States v. Harris*, 566 F.2d 610, 613 (8th Cir.1977). As Bayless never "entered upon a term of imprisonment" in Florida, he never qualified as

**8.** In this opinion, all citations to 18 U.S.C. app. §§ 1–8 refer to the Interstate Agreement on Detainers Act, 18 U.S.C. app. §§ 1–8 (1988) (pp. 702–05 in the 1988 bound volume of 18 U.S.C.), as opposed to the Classified Information Procedures Act, 18 U.S.C. app. §§ 1–16 (1988) (pp. 706–11 in the 1988 bound volume of 18 U.S.C.), which apparently duplicates the citations of the Interstate Agreement on Detainers Act.

**9.** In *Camp v. United States*, 587 F.2d 397, 399 & n. 4 (8th Cir.1978), we concluded that some of the requirements of the Interstate Agreement on Detainers Act are not jurisdictional. However, we need not delve here into the ramifications of this holding as we conclude the act is inapplicable to Bayless's case.

**304**

anything more than a pretrial detainee. Consequently, he never was covered by the provisions of the Uniform Agreement on Detainers Act. We therefore conclude that the 180–day limitation period of Uniform Agreement on Detainers Act did not apply and that the District Court did not lack jurisdiction.

### III.

■ Bayless also contends that the District Court erred in failing to exclude certain evidence. His concern is with the testimony of Kevin Laws, who had purchased drugs from Bayless on numerous occasions. Laws testified, under a grant of immunity, that he regularly had purchased cocaine and marijuana from Bayless from 1983 through 1985; that he had met but did not know McCloskey personally; that Bayless had told him that McCloskey was Bayless's old partner; that he had made drug purchases from Bayless for the purpose of resale; that on October 17, 1985, he had been paid $600 to make a trip to Florida to purchase drugs from Bayless for individuals in St. Louis, *see* Appellant's Brief at 13 (Bayless's Statement of Facts); that on October 21, 1985, when he was in Florida with his wife and son, they had stayed at Bayless's house, and at that time there was a man there with a rifle "in case there was a problem with Lindsey and McCloskey," *id.* at 14; and that on November 11, 1985, he had gone to Florida, obtained cocaine from Bayless, and was arrested in Atlanta as he attempted to fly back to St. Louis. *See id.* at 14. Specifically, Bayless objected to the admission of Laws' testimony regarding the occurrences of November 11, 1985, as well as the admission of the cocaine that was seized from Laws when he was arrested.

Bayless's argument is that, at best, all that this evidence tends to prove is that he

committed a crime subsequent to the crime charged in the indictment, that it was not connected to the alleged conspiracy, that it was irrelevant to the charges against Bayless, and that its admission severely prejudiced his trial.[10] We disagree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence ... [more or less] probable than it would be without the evidence." Fed.R.Evid. 401. Furthermore, "[t]he trial court has broad discretion in determining the relevancy and admissibility of evidence...." *United States v. Wallace,* 722 F.2d 415, 416 (8th Cir.1983). Here, the indictment charged, in part, that between 1983 and 1986, Bayless, Dixon, and "others known and unknown to this Grand Jury ... combine[d], conspire[d], confederate[d] and agree[d] to distribute and possess with intent to distribute cocaine...." Appellant's Appendix at 47. Moreover, the indictment charged that, in furtherance of the conspiracy, Bayless "would supply others with controlled substances," *id.,* and that Laws traveled from Florida to Atlanta for the purpose of transporting cocaine. *Id.* at 48. Laws' testimony regarding the events of November 11, 1985 clearly tends to support these charges. We are satisfied that the District Court did not abuse its discretion in admitting this testimony.

### IV.

■ The issue raised in Bayless's final argument is not properly before us. The essence of his argument is that he has been denied equal protection of the law because his ten-year sentence was not credited by the District Court with the time he spent as a pretrial detainee. However, because Bayless's offenses were committed prior to November 1, 1987, the issue of whether he should be credited for the time that he spent in pre-sentence custody is, in the first

**10.** Bayless incorrectly frames his relevance argument in terms of Rule 404(b) of the Federal Rules of Evidence. *Cf.* Fed.R.Evid. 401 & 402 (defining relevance and addressing the admissibility of relevant evidence). Rule 404(b) prohibits the use of evidence of prior crimes and bad acts to establish character for the purpose of "show[ing] action in conformity therewith." Fed.R.Evid. 404(b). Because we find the dis-

puted evidence is directly relevant to the existence of the alleged conspiracy and the occurrence of the overt acts in furtherance thereof, we necessarily find that this evidence was not admitted in violation of Rule 404(b). *Cf. United States v. Stephenson,* 924 F.2d 753, 763–64 (8th Cir.1991), *petition for cert. filed,* 59 U.S.L.W. 3812 (May 22, 1991) (No. 90–1798).

instance, an issue for the Attorney General. *See* 18 U.S.C. § 3568 (1982), *repealed by* Sentencing Reform Act of 1984, Pub.L. No. 98–473, §§ 212(a)(2) & 235(a)(1), 98 Stat. 1987, 1987, 2031–32; *see also United States v. Flanagan*, 868 F.2d 1544, 1546–47 (11th Cir.1989) (holding that prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies); *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985) (per curiam) ("Only the Attorney General has the authority to grant [the defendant's] request[ ]" for credit on his sentence under section 3568).[11] Here, we find nothing in the record indicating that Bayless ever presented this issue to the Attorney General, nor does Bayless contend that he has done so. It follows that the question of whether Bayless is entitled to have his pre-sentence custody credited against his sentence is not properly before us. *Cf. Flanagan*, 868 F.2d 1544; *Norman*, 767 F.2d 455.[12]

## V.

The conviction and sentence are AF-FIRMED.

---

**11.** Prior to the Sentencing Reform Act of 1984, section 3568 provided that:

> [t]he *Attorney General* shall give any such person [any person convicted of an offense] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

18 U.S.C. § 3568 (1982) (emphasis added), *repealed by* Sentencing Reform Act of 1984, Pub.L. No. 98–473, §§ 212(a)(2) & 235(a)(1), 98 Stat. 1987, 1987, 2031–32. The Sentencing Reform Act of 1984 repealed section 3568, *see* Sentencing Reform Act of 1984, 98 Stat. at 1987, and replaced it with 18 U.S.C. § 3585, *id.* at 2001, the relevant portion of which provides:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences....

Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1987, 2001 (codified at 18 U.S.C. § 3585(b) (1988)).

The fact that the Act deletes the reference to the Attorney General raises sticky questions of whether it is the District Court, the Attorney General, or both, that has or have the power, in the first instance, to grant credit under section 3585. However, those questions are not presented here as the amendments to section 3568 "apply only to offenses *committed after* [November 1, 1987]," Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1987, 2031–32, *as amended by* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, *as amended by* Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (emphasis added), and here Bayless's offense occurred prior to that date.

**12.** Naturally, our decision here is without prejudice to Bayless's right to seek review of an adverse decision by the Bureau of Prisons on this issue.