54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles DANTZLER, Sr., Defendant-Appellant.
 No. 94-5347.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 15, 1995.
 
 Neil I. Jacobs, Rockville, MD, for appellant. Lynne A. Battaglia, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, MD, for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Dantzler, Sr., appeals from the sentence imposed pursuant to his guilty plea to distributing crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and 18 U.S.C. Sec. 2 (1988). The plea agreement called for a binding sentence of forty-one months imprisonment. See Fed.R.Crim.P. 11(e)(1)(C). The district court sentenced Dantzler to forty-one months imprisonment, ordered three years of supervised release, and imposed a $50 special assessment. Dantzler's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, no meritorious issues exist for appeal.[1] Dantzler was notified of his right to file a supplemental brief, but he did not do so.
 
 
 2
 In accordance with Anders, we have examined the entire record, including the Rule 11 colloquy, the presentence report, and the sentencing guideline calculation. We find that the district court fully complied with the requirements of Fed.R.Crim.P. 11, and that Dantzler's plea is constitutionally valid. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991) (defendant's statements at plea hearing are "strong evidence" of voluntariness), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Further, Dantzler's challenge to a sentence within the properly calculated guideline range does not state an appealable question under 18 U.S.C.A. Sec. 3742 (West 1985 & Supp.1994). United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). Finally, we decline to address Dantzler's claim that he is entitled to credit for time served during his pre-trial detention because the issue was not raised below.[2] See United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993) (failure to object at sentencing waives appellate review of sentencing issue, absent plain error).
 
 
 3
 Therefore, finding no merit in the claims presented and no other error upon review of the record, we affirm the judgment of conviction and the sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We deny counsel's motion to withdraw
 
 
 [2]
 We note that even if Dantzler had raised the issue in the district court, the computation of the amount of credit for time served is properly performed by the Attorney General after the defendant begins his sentence, not by the district court. See United States v. Wilson, 503 U.S. 329 (1992). Only after prisoners have exhausted the administrative remedies available to them through the Bureau of Prisons can they seek judicial review. Id. (citing United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir.1991))