60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Sylvester GREGORY, a/k/a Marlvin R. Borders,
Defendant-Appellant.
 No. 94-5633.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1995.
Decided: July 7, 1995.
 
 Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, SC, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, SC, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clarence Gregory appeals from a five-month sentence imposed after his probation was revoked. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious grounds for appeal. Although notified of his right to do so, Gregory has not filed a pro se supplemental brief. Finding no error, we affirm the sentence.
 
 
 2
 In 1992, Gregory received a three-year probationary sentence after pleading guilty to submitting fraudulent income tax returns. Gregory was subsequently arrested in 1993 in North Carolina and held on state forgery charges. The federal district court placed a detainer on Gregory in July 1993 for violating the conditions and terms of his probation. Gregory was convicted in state court in October 1993 and sentenced to five years imprisonment. Gregory was paroled to federal custody in June 1994, and he subsequently admitted to the probation violation. Gregory's probation was revoked and he received a fivemonth sentence. Gregory requested that the district court award him credit against his federal sentence for the entire time he served in North Carolina while under the federal detainer. The district court recommended that Gregory receive the credit requested. Gregory subsequently filed a timely appeal.
 
 
 3
 Gregory argues that the district court erred in failing to order the Bureau of Prisons to award him full credit against his federal sentence for the entire time he was under the federal detainer, rather than simply recommending he receive credit. The sentencing judge, however, possesses no authority to order that a defendant receive a particular amount of sentence credit. See United States v. Wilson, 503 U.S. 329, ----; 60 U.S.L.W. 4244, 4246 (U.S.1992). The Bureau of Prisons is charged with this responsibility. Id. Only after exhausting administra tive remedies available through the Bureau of Prisons may Gregory seek judicial review. See United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir.1991). We thus find no error on the part of the sentencing court.
 
 
 4
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm the sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy of his motion was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.
 
 AFFIRMED