Anthony BRUCE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55927.

Missouri Court of Appeals,
Western District.

June 22, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1999.

Application for Transfer Denied
Sept. 21, 1999.

Rosemary E. Percival, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory Barnes, Asst. Atty. Gen. Jefferson City, for respondent.

HANNA, Judge.

This appeal is from the denial of the defendant's Rule 24.035 motion for post-conviction relief by the Jackson County Circuit Court. The defendant, Anthony Bruce, claims that the court lacked jurisdiction to accept his guilty plea, because he was not notified until after he pled guilty of the existence of a detainer lodged against him while he was incarcerated in another state. He contends that since he was not promptly notified of the detainer, the provisions of the Interstate Agreement on Detainers Act were violated.

The procedural history of this matter began on February 10, 1994, when the defendant was placed in the custody of the Wyandotte County Jail on an unrelated charge filed in Kansas. While in the Wyandotte County Jail, the Kansas City Police Department questioned him about a robbery recently committed in Kansas City, Missouri. The Missouri robbery is the crime at issue in this matter. On March 14, 1994, the defendant was charged with robbery in the first degree, assault in the first degree, and two counts of related armed criminal action arising from the incident in Missouri, and a warrant was issued for his arrest. Accordingly, on May 4, 1994, the Kansas City Police Department lodged a detainer against the defendant with the Wyandotte County Jail. The records of the Wyandotte County Jail indicate that a detainer was filed, but they do not establish that the defendant was advised of the detainer.

On July 13, 1994, the defendant was transferred from the Wyandotte County Jail to the Kansas Department of Corrections. He was released on parole approximately a year and a half later. The Kansas Department of Corrections' file did not contain any reference to the detainer previously lodged by the Kansas City Police Department regarding the case at bar.

Two weeks after being released by the Kansas Department of Corrections, the defendant was arrested and arraigned on the Missouri charges at issue here. On July 30, 1996, the defendant pled guilty to one count of robbery in the first degree, § 569.020, RSMo 1994, and one count of armed criminal action, § 571.015, RSMo 1994, pursuant to a plea agreement. The Jackson County Circuit Court sentenced him to concurrent terms of ten and three years imprisonment. The defendant then filed a timely Rule 24.035 motion, which was subsequently amended by appointed counsel. On April 28, 1998, after an evidentiary hearing, the motion court denied the defendant's motion.

The defendant claims that the motion court erred in dismissing his Rule 24.035 motion. In his sole point, the defendant argues that the plea court lacked subject matter jurisdiction to accept his guilty plea and to sentence him, because his rights were violated under the Interstate Agreement on Detainers Act, § 217.490, RSMo 1994 ("Agreement of Detainers"). Specifically, he claims that the agreement on detainers was violated in that he was not promptly notified of the existence of the detainer that was lodged against him while he was incarcerated in the Wyandotte County Jail in Kansas. As such, he contends that the plea court lacked subject matter jurisdiction to take his guilty plea.

As an initial matter, the defendant concedes that he did not plead this issue in his Rule 24.035 motion. Evidently, both the defendant and the state were under the impression that no detainer had ever been lodged against the defendant regarding the Missouri robbery charges while he was incarcerated in either the Wyandotte County Jail or the Kansas Department of Corrections. Shortly before the evidentiary hearing in this matter, the defendant's counsel indicated that a detainer had been lodged against the defendant while he was

a pretrial detainee in Wyandotte County Jail.[1] Counsel brought this fact to the attention of the state and the motion court judge, and then requested leave to present evidence on the issue now on appeal. The motion court addressed the issue and, by characterizing his grounds for post-conviction relief as a violation of his *statutory* right under the Agreement on Detainers, ruled that the defendant waived this claim by entering a guilty plea.[2]

■ "A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges" in a different jurisdiction. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 361 n. 2 (Mo. banc 1982)(quoting *U.S. v. Mauro,* 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978)). The Agreement on Detainers is an inter-governmental compact between states in which a prisoner in one jurisdiction can seek disposition of detainers filed against him in another jurisdiction. §§ 217.490–520; K.S.A. 22–4401 *et seq.* Article III of the Agreement on Detainers provides for notification to inmates when detainers are lodged against them. Specifically, it requires that:

> The ... official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based.

§ 217.490, Art. III, ¶ 3. The purpose of the Agreement on Detainers is to implement a defendant's right to a speedy trial and to avoid excessive interference with a prisoner's treatment and rehabilitation in a state prison system. § 217.490, Art. I.

Ruling on the defendant's claim that he was not notified of the detainer lodged against him, the motion court found that:

> Until recently, it has been the practice of court to rule on questions of violations of the [Agreement on Detainers] without specifically addressing the issue of whether a trial court has been divested of jurisdiction to take a movant's guilty plea due to such violations.

The motion court then ruled that this practice had changed, and the law was now that by entering a plea of guilty, "a defendant waives any violation of the ... provision requiring that a defendant be brought to trial within 180 days of the time he invokes his rights" under the Agreement on Detainers.

In coming to this conclusion, the court relied upon *Ellsworth v. State,* 964 S.W.2d 455, 456 (Mo.App.1998). There, the defendant alleged that the court erred in denying his Rule 24.035 motion, because the plea court lacked the jurisdiction to accept his guilty plea in that he was not brought to trial within 180 days of his Request for Disposition as required by the Agreement on Detainers. *Id.* The Eastern District found that the 180–day limitation of the Agreement on Detainers has been characterized by federal courts as a "statutory right to speedy trial." *Id.* at 457 (citations omitted). Since the general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory or

1. The record on appeal does not contain any evidence that a detainer was filed on the robbery charges. The record on appeal "must contain all of the proceedings necessary to a determination of the questions presented for decision," *State v. Holland,* 653 S.W.2d 670, 678 (Mo. banc 1983), and matters omitted from the record will not be presumed to be favorable to the appellant. *State v. Ramsey,* 864 S.W.2d 320, 333 (Mo. banc 1993). However, we address the issue as the trial court found that a detainer was lodged by Kansas City police at the Wyandotte Coun-

ty Jail, and the parties evidently agree as much.

2. The state argues that, technically, the defendant has waived the issue by failing to plead it. *State v. Shafer,* 969 S.W.2d 719, 738 (Mo. banc 1998); *State v. Harris,* 870 S.W.2d 798, 815 (Mo. banc 1994). However, since the state did not object at the motion court, and now argues the merits on appeal, we consider the argument on the merits.

constitutional guaranties of a speedy trial, and "because rights created by the [Agreement on Detainers] are statutory in nature," the defendant was found to have waived the 180–day limitation upon entering a plea of guilty.[3] *Id.See also Kenneth–Smith v. State,* 838 S.W.2d 113, 117 (Mo.App.1992)(stating that federal courts have consistently held that the rights created by the Agreement on Detainers are statutory rights, not fundamental or constitutional in nature).

 In this case, however, the defendant contends that he was never notified as to the existence of the detainer. It is clear that the Agreement on Detainers is not applicable to this matter because the defendant was not "serving a term of imprisonment," but was instead a pretrial detainee when the Missouri detainer was filed.

In the case of *U.S. v. Bayless,* the defendant claimed that the trial court lacked jurisdiction to hear his case because the 180–day limitation period of the Agreement on Detainers had expired before he was tried. 940 F.2d 300, 303 (8 th Cir. 1991).[4] Bayless was confined in a Florida jail awaiting disposition of drug charges, when the U.S. Marshal's Office filed a detainer against him with the Florida authorities. *Id.* at 301. He remained in jail in Florida until he was acquitted of the Florida charges. He was then arrested by U.S. Marshals and brought to the Eastern District of Missouri for trial on the federal drug charges. *Id.*His trial in Missouri, which resulted in a conviction, was in excess of 180 days. *Id.* at 303. The court ruled that the plain requirements of the Agreement on Detainers indicate that it only applies "to persons who have entered upon a term of imprisonment in a penal or correctional institution," and "pretrial detainees are not part of that group." *Id.* (citing 18 U.S.C. A. § 2 Art. III(a); *U.S. v. Harris,* 566 F.2d 610, 613 (8 th Cir.1977)). Since the defendant was only deemed a pretrial detainee in Florida, "[c]onsequently, he never was covered by the provisions" of the Agreement on Detainers. *Bayless,* 940 F.2d at 304. *See also State v. Leisure,* 838 S.W.2d 49, 54 (Mo.App.1992)(ruling that the Agreement on Detainers "applies only to prisoners who have begun serving a sentence and not to pre-trial detainees").

The detainer at issue was filed while the defendant was a pretrial detainee at the Wyandotte County Jail. As such, the Agreement on Detainers did not apply at the time the detainer was lodged. Moreover, it is clear that no detainer was lodged with the Kansas Department of Corrections when the defendant started serving his "term of imprisonment." Thus, the Agreement on Detainers was never triggered, and the defendant's point is without merit. *See State v. Leady,* 879 S.W.2d 644, 650 (Mo.App.1994)(ruling that since a detainer had not been filed against the defendant, he was not entitled to a dismissal for failing to be informed in writing of the information pending against him in another jurisdiction).

The judgment of the motion court denying the defendant's Rule 24.035 motion is affirmed.

EDWIN H. SMITH, P.J., and SPINDEN, J., concur.

---

3. The Ellsworth court distinguished *interstate* detainers filed under the Agreement on Detainers from detainers filed pursuant to the Uniform Mandatory Disposition of Detainers Law, § 217.450, RSMo 1994, by explaining that the Agreement on Detainers lacks the express language, contained in the UMDDL, which specifically divests the court of jurisdiction when the 180 day period has expired. 964 S.W.2d at 458.

4. The Agreement on Detainers is subject to federal construction. Ellsworth, 964 S.W.2d at 456 (citing *Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985)).