**Zachary JANVIER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al.,
Respondents.**

**No. 01–1343–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 7, 2001.

Bonar Mayo Robertson, Esquire, Silver Spring, MD, for Petitioner.

William J. Howard, Esquire, U.S. Attorney's Office, Alexandria, VA, for Respondents.

## MEMORANDUM OPINION

ELLIS, District Judge.

Zachary Janvier (Janvier), a Haitian citizen with lawful permanent residency status in the United States, has been ordered deported on the basis of a 1994 conviction for an "aggravated felony,"[1] namely cocaine distribution. In the instant petition, Janvier seeks an injunction barring the Immigration and Naturalization Service (INS) from executing the deportation order. He also seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Board of Immigration Appeals (BIA) unconstitutionally applied § 440(d) of the Antiterrorism and Effective Death

---

1. The Immigration and Nationality Act (INA) defines the term "aggravated felony" by listing specific crimes, including murder, rape, sexual abuse of a minor, illicit trafficking in a controlled substance, perjury, obstruction of justice, kidnaping and document fraud. *See* 8 U.S.C.A. § 1101(a)(43); INA § 101(a)(43).

Penalty Act (AEDPA)[2] when it denied his request for discretionary relief from deportation under 8 U.S.C. § 1182(c), commonly referred to as § 212(c). AEDPA § 440(d) changed the then-existing law by eliminating persons convicted of drug trafficking crimes from the class of persons eligible for § 212(c) relief. Because Janvier's conviction antedated AEDPA's passage, his petition presents the question whether AEDPA § 440(d) has an unconstitutional retroactive effect when applied to deny § 212(c) consideration to applicants, like Janvier, who face deportation and who, prior to AEDPA, pled not guilty to an aggravated felony, but were found guilty after trial.

For the reasons that follow, Janvier's request for an injunction to halt his deportation must be denied for lack of jurisdiction. Further, his petition for a writ of habeas corpus must also be denied, because Janvier, who pled not guilty and went to trial, cannot show any reliance on the pre-AEDPA state of the law and hence no unconstitutionally retroactive effect results from applying AEDPA § 440(d) to Janvier. Finally, Janvier's challenge to his continued detention also fails because the INS's decision to detain Janvier is within the agency's constitutionally valid discretion.

## I.

Zachary Janvier, a Haitian citizen, entered the United States in October 1980, and acquired legal permanent resident status on January 1, 1987. On October 13, 1994, a jury in the Circuit Court of Arlington County, Virginia convicted Janvier of three counts of distribution of cocaine and two counts of conspiracy to distribute cocaine. On January 9, 1995, that court sentenced Janvier to a total of twenty-eight (28) years of confinement in the state

penitentiary, with ten years suspended. At this point, the INS commenced deportation proceedings against Janvier by issuing an Order to Show Cause on November 4, 1996. Although immigration judges granted Janvier two continuances to allow him to retain an attorney, Janvier nonetheless appeared at his third hearing without an attorney. In the circumstances, the immigration judge declined to continue the matter further and proceeded to find Janvier deportable as charged and ordered him deported on July 14, 1997.

Janvier did not apply for a waiver of deportation during any of the three hearings, but instead filed a timely appeal with the BIA, raising three claims: (1) the immigration judge's decision to proceed despite Janvier's lack of legal representation denied him the assistance of counsel; (2) the immigration judge's decision ordering deportation was based on factual errors regarding the nature and dates of his convictions; and (3) positive factors exist in his case that favor granting him a discretionary waiver of deportation. He also requested that the BIA grant "such other and further relief it deems just and proper."

In its January 21, 1998, decision, the BIA rejected Janvier's claims as meritless, and further found that because Janvier had been convicted of an aggravated felony and sentenced to a term of 5 years or more, he was ineligible to apply for asylum under INA § 208(d), and ineligible to apply for withholding of deportation under INA § 243(h). Finally, the BIA declined to consider Janvier for a discretionary waiver of deportation under § 212(c) because AEDPA § 440(d) made aliens convicted of drug trafficking offenses ineligible for such waivers.

---

**2.** Pub.L. No. 104–132, 110 Stat. 1214 (1996)

Janvier then served approximately four years in prison on the drug trafficking conviction before being released from the Virginia penitentiary in 1998 and placed on parole. On July 10, 2001, the INS arrested Janvier pursuant to an outstanding warrant of deportation. Little more than a month later, Janvier filed a request with the BIA for a stay of deportation and a Motion to Reopen and Reconsider the January 21, 1998 BIA decision. The BIA promptly denied his request for a stay of deportation, concluding that there was little likelihood that Janvier's motion for reconsideration would be granted. As yet, the BIA has not ruled on the Motion to Reopen and Reconsider.

Thereafter, on August 31, 2001, Janvier filed the instant two count habeas petition. Respondents filed a timely motion to dismiss the petition on September 27, 2001. Thereafter, the parties presented their oral arguments on the dismissal motion on September 28, 2001. At the conclusion of the hearing, Count I was dismissed for lack of jurisdiction, and Count II was taken under advisement. This memorandum opinion records the reasons for the dismissal of both counts of Janvier's petition.

## II.

■ In Count One of his petition, Janvier seeks an injunction barring his deportation.[3] Respondent correctly points out that INA § 242[4] removed jurisdiction for judicial review of most deportation orders. More recently, the Supreme Court clarified the scope of this section, holding that it applies only to three discrete actions: decisions to "commence proceedings, adjudicate cases, or execute removal orders."

**3.** In the course of the September 28th hearing, INS counsel represented to the Court that the INS would not execute the outstanding deportation order pending disposition of the instant petition.

*Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). Thus, it is now clear that pursuant to INA § 242, there is no federal jurisdiction to review BIA decisions that fit within these three categories. Because Janvier's request for an injunction barring a deportation order fits squarely within one of the § 242 categories, this Court has no subject matter jurisdiction over Count One of Janvier's petition which, as a result, must be dismissed.

## III.

### A. *Jurisdiction*

■ With respect to Count Two of Janvier's petition, the initial question is also one of jurisdiction. The Supreme Court recently confirmed that federal district courts have subject matter jurisdiction over habeas claims pursuant to 28 U.S.C. § 2241 that arise from immigration decisions and pertain to questions of pure law. *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001). Count Two meets this requirement; it raises two questions of pure law that arise from immigration decisions. It follows, therefore, that there is plainly subject matter jurisdiction over the § 2241 claim asserted in Count Two of Janvier's petition.

### B. *Exhaustion*

Next, respondent contends that Janvier's petition should be dismissed because he has failed to exhaust his BIA administrative remedies regarding his § 2241 claim. This argument also fails.

**4.** The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009–546, § 306 (1996) (codified as 8 U.S.C. § 1252 , INA § 242).

■ In contrast to the explicit statutory requirement for exhaustion that applies to petitioners for habeas relief pursuant to 28 U.S.C. § 2254, § 2241 is silent on exhaustion.[5] Even so, courts have generally required parties to exhaust available administrative remedies before seeking § 2241 relief from the federal courts.[6] An exception to this judicially-created § 2241 exhaustion requirement exists where the pertinent administrative agency lacks the competence to reach a definitive resolution of the particular issue presented. This exception operates chiefly where, as here, the administrative agency may consider constitutional claims, but lacks authority to rule dispositively on those claims, because "the final say on constitutional matters rests with the courts." *Singh v. Reno*, 182 F.3d 504, 510 (7th Cir.1999); *see also McCarthy v. Madigan*, 503 U.S. at 147–48, 112 S.Ct. 1081, 117 L.Ed.2d 291. Thus, no exhaustion requirement attaches to Janvier's constitutional claim, which must therefore be addressed on the merits.

## C. *Merits*

■ Janvier's principal claim in Count Two is simply that the BIA's determination that a 1994 aggravated felony conviction rendered him ineligible for INA § 212(c) discretionary relief from deportation rests on a constitutionally impermissi-ble retroactive application of AEDPA § 440(d). More specifically, Janvier points out that in 1994, when he was convicted by a jury of drug trafficking, persons convicted of aggravated felonies, including drug trafficking, were eligible for § 212(c) discretionary relief notwithstanding their convictions, provided they served less than five years imprisonment as a result of the conviction. *See* 8 U.S.C. § 1182(c)(1994). This changed two years later when, in 1996, AEDPA made clear that those convicted of any aggravated felony, including drug trafficking offenses, were ineligible for § 212(c) discretionary relief, regardless of the length of their convictions. *See* AEDPA § 440(d); INA § 237(a)(2)(A)-(D). Given this, Janvier argues that the BIA's application of AEDPA § 440(d) to him violated due process by according that provision an impermissible retroactive effect.

To support this constitutional challenge, Janvier relies wholly on the Supreme Court's decision in *INS v. St. Cyr*, —— U.S. ——, 121 S.Ct. 2271, 150 L.Ed.2d 347 (June 25, 2001). There, the Supreme Court held that IIRIRA § 304(b), which repealed INA § 212(c), imposed "an impermissible retroactive effect on aliens who, in reliance on the possibility of § 212(c) relief, pled guilty to aggravated felonies." *Id.* at 2287. It is clear from this holding and from a close reading of

5. Section 2254 provides, in pertinent part, that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1). No similar provision is found in § 2241.

6. *See, e.g., McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (requiring exhaustion of a § 2241 petition when the challenged action involves the agency's discretion or relies upon the agency's particular expertise.); *United States v. Bayless*, 940 F.2d 300, 304–305 (8th Cir.1991)(requiring exhaustion of administrative remedies in a sentence computation challenge pursuant to § 2241); *Cruz v. Clark*, 684 F.Supp. 1335, 1337 (E.D.Va.1988)(requiring exhaustion of administrative remedies with the Parole Commission before bringing a § 2241 habeas petition).

the case that Janvier's reliance on *St. Cyr* is misplaced; the case is dispositively distinguishable,[7] as it plainly applies only to claimants able to show that they acted in reliance on the availability of § 212(c) discretionary relief.[8] The petitioner in *St. Cyr*, unlike Janvier, relied on the availability of § 212(c) discretionary relief in deciding to plead guilty to an aggravated felony. The *St. Cyr* petitioner plainly contemplated that by pleading guilty, he might well receive a sentence that would not eliminate his eligibility to benefit from § 212(c). Janvier cannot make the same reliance claim, as he plead not guilty and went to trial. Thus, Janvier did not rely, as did the petitioner in *St. Cyr*, on the then-existing state of the law concerning § 212(c) discretionary relief. From this, it follows that applying AEDPA § 440(d) to Janvier's application for § 212(c) discretionary relief does not have an impermissible retroactive effect.[9] As a result, Janvier's initial claim in Count Two fails and must be dismissed.

## IV.

█ Janvier's Count Two includes a challenge to the constitutionality of his continued detention. This challenge also fails, because Janvier's continued detention is consistent with the governing provisions of the INA, which have been upheld as constitutional by the Supreme Court.

The INA mandates detention of aliens convicted of aggravated felonies pending execution of a removal order for up to ninety (90) days. *See* INA § 241(a)(2). Janvier was detained under § 241(a)(2) at the time he filed his petition and during the hearing on the motion to dismiss. The ninety-day mandatory detention period expired on October 8, 2001. Once the mandatory detention period expires, the INS has the discretion to hold aliens in detention for a reasonable period while the INS seeks their repatriation. *See* INA § 241(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 2502, 150 L.Ed.2d 653 (2001). And, importantly, the Supreme Court has held that beyond the ninety-day period, continued detention for up to six months, at the discretion of the INS, is presumptively reasonable under the Constitution. *Zadvydas*, 533 U.S. at ——, 121 S.Ct. at 2505. Following the six-month period, if the detainee can show "that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 2505.

Janvier's current detention is within that "presumptively reasonable" six-month period, while the INS continues to seek to

---

7. St. Cyr is also distinguishable on the non-dispositive ground that the focus of the retroactivity analysis there was IIRIRA § 304(b), not, as here, AEDPA § 440(d). The immateriality of this difference is confirmed by the Fourth Circuit's clear holding that AEDPA § 440(d) has an impermissible retroactive effect when applied to deny eligibility for § 212(c) discretionary relief to an applicant who pled guilty to an aggravated felony prior to AEDPA's enactment and served less than five years incarceration. *Tasios v. Reno*, 204 F.3d 544, 547 (4th Cir.2000).

8. Reliance is essential in determining whether a statute has an impermissible retroactive ef-

fect, for as *Landgraf v. USI Film Products*, 511 U.S. 244, 269–70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), teaches, the constitutional calculus on retroactivity turns on "considerations of fair notice, reasonable reliance and settled expectations." *Id.; see also, St. Cyr*, —— U.S. at ——, 121 S.Ct. at 2291.

9. A Fourth Circuit panel reached the same result in an unpublished decision, in which it declined to extend *Tasios* to aliens who are found guilty after entering not guilty pleas. *Bensusan v. Reno*, 225 F.3d 653 (4th Cir. Aug.2, 2000) (unpublished).

remove him. Thus, Janvier's continued detention at this time is not unconstitutional, and therefore his challenge to that detention in Count Two fails.[10]

## V.

For the reasons stated above, petitioner's requests for an injunction and a writ of habeas corpus must be denied, and respondent's motion to dismiss must be granted. An appropriate order will issue.

---

10. Worth noting is that detention beyond the six-month period is not presumptively unreasonable. As long as there is a "significant likelihood of removal in the reasonably foreseeable future," the INS may continue to detain an alien. *Zadvydas*, 533 U.S. at ——, 121 S.Ct. at 2505. INS regulations provide for the district director to determine whether to continue to detain an alien at the end of the mandatory ninety day period. 8 C.F.R. § 241.4 (2001). An INS panel reviews that decision approximately three months later, and, at a minimum, yearly thereafter. *Id.*